## No. 5851.

### Louis Mathe vs. Parish of Plaquemines.

|    |      |
|----|------|
| 28 | 77   |
| 48 | 767  |
| 49 | 1759 |
| 49 | 1779 |

The judgment appealed from is against the parish of Plaquemines, cited through the president of the police jury. The application for the appeal was made through the attorney representing the parish, in the name of the president of the police jury, and the order of appeal was accordingly granted, and the appeal bond was filed. The condition of the bond recites that the above-bound parish of Plaquemines, through the president of the police jury thereof, shall prosecute this said appeal, and shall satisfy whatever judgment may be rendered against said parish, etc. This is sufficient.

This court has had frequent occasions to advert to the entire absence of any authority or power of police jurors, under the general law of the State, to make and put into circulation negotiable instruments, and to announce that the exercise of that power can only take place under a special grant of the Legislature. No special grant of such a power is shown to have been conferred upon the parish of Plaquemines.

APPEAL from the Second Judicial District Court, parish of Plaquemines. *Pardee*, J. *T. Wharton Collens* and *E. Howard McCaleb*, for plaintiff and appellee. *A. E. Livaudais*, Parish Attorney, *Sambola & Ducros*, for defendant and appellant.

### On Motion to Dismiss.

Ludeling, C. J. The motion to dismiss this appeal is based on the following grounds:

That the defendant has taken no appeal; and that E. Dobse, president of the police jury of the parish of Plaquemines, has no appealable interest.

The judgment appealed from is against the parish of Plaquemines, cited through the president of the police jury. The application for the appeal was made through the attorney representing the defendant, the parish of Plaquemines, in the name of the president of the police jury, and the order of appeal was accordingly granted; and the appeal bond was filed. The condition of the bond recites that "the above-bound parish of Plaquemines, through the president of the police jury thereof, shall prosecute this said appeal, and shall satisfy whatever judgment may be rendered against said parish," etc.

There can be no doubt that it was the defendant, the parish of Plaquemines, that appealed.

The objections are not well founded.   12 R. 458.

The motion is overruled.

### ON THE MERITS.

TALIAFERRO, J.   This suit is brought by the plaintiff to recover from the parish of Plaquemines the sum of four thousand nine hundred and thirty-three dollars and thirty-five cents, the aggregate amount of fifty-two certificates of indebtedness or parish warrants of various amounts.

The plaintiff claims to be the owner and holder of these instruments by transfers to him by the drawees, and that he is entitled to all their rights in and to the same.   He alleges amicable demand of payment without effect, and prays judgment against the parish for the amount claimed, with interest at five per cent per annum from sixteenth of August, 1873.

The answer denies the liability of the parish on the instrument sued on, alleging that E. Lawrence and D. A. Thibaut, late president and secretary of the police jury of that parish, had no authority to issue these instruments, and that no provision was made at the time they were issued for their payment in the manner pointed out by law; that plaintiff has not shown that the said president and secretary of the police jury were authorized by that body to issue the instruments in question, or in fact to issue any warrant whatever; and that even if such authority had been given by the police jury its action in that regard would have been *ultra vires* and in violation of the law of the State.

The defendants aver that the warrants sued upon were negotiable, and issued for the purpose of being negotiated; that most of them show by indorsement that they have been transferred several times before they reached the plaintiff; that during the years 1871 and 1872, when these instruments were issued, there were no funds in the parish treasury.

The court of the first instance rendered judgment in favor of the plaintiff as prayed for, and coupled with it a decree that the board of assessors of the parish of Plaquemines forthwith assess, and that the tax collector of the parish immediately thereafter proceed to collect, a tax to constitute a special fund out of which to pay the judgment.

The defendant prosecutes this appeal.

The warrants in question were issued in the form of certificates, declaring the indebtedness of the parish to the person in whose favor they were issued, referring to the voucher upon which the claim was allowed by its number, and then follows the warrant drawn upon the treasurer in favor of the party, or to his order, and signed by the president of the police jury and countersigned by the secretary.   The

evidence shows that the indebtedness for which these warrants were issued was contracted mainly in the years 1871 and 1872.

There were estimates made, in the usual manner, of the amount of funds needed to defray the debts and expenses of the parish for the years 1872 and 1873, and ordinances were passed levying the tax to be raised for the same years to cover these estimates. But it does not appear that any of these taxes were ever collected.

The parish treasurer, examined as a witness on the trial of the case, swears that " during the years 1871 and 1872 there was no money in the treasury, the tax collector having received and paid in parish obligations instead of currency. By an ordinance passed in 1873 all holders of obligations against the parish were directed to come forward and have them registered."

The claims of the plaintiff seem to have been registered on the sixteenth of August, 1873. The tax collector as a witness swears " that from March, 1873, to the twenty-seventh of May, 1874, the last settlement I made with the parish treasurer during the time mentioned, I received parish obligations and turned them over to the parish treasurer; since the fourteenth of June, 1874, I have received no warrants in payment of taxes, having been prevented by an order of court."

To a great extent the evidence seems to sustain the allegations of the defendant's answer. The warrants of the plaintiff bear various dates, from the sixteenth of August, 1871, to November, 1872. · They are negotiable instruments. Some of them passed through the hands of prior holders to the plaintiff. In some instances the amounts of vouchers were divided, and several warrants for smaller sums, aggregating the amount of the voucher divided, were issued, the certificate in such cases expressing that the amount is "in part payment" of the voucher referred to by its number.

The testimony leads to the conclusion that these warrants were intended for circulation and to aid the fiscal officers of the parish, and to subserve the purposes of money. They were paid into the parish treasury as money, and received in payment of taxes up to the twenty-seventh of May, 1874. It would seem that, for a period of near four years at least, no taxes were collected in money. No estimate for the year 1871 appears to have been made, and no provision made for the expenses of that year. We have had frequent occasion to advert to the entire absence of any authority or power of police juries under the general law of the State to make and put into circulation negotiable instruments, and to announce that the exercise of that power can only take place under a special grant of the Legislature. No special grant of such a power is shown to have been conferred upon the parish of Plaquemines.

This case in its prominent features resembles closely that of Sterling vs. Parish of West Feliciana, 26 An. p. 59. In that case there was no money in the treasury when the negotiable instruments sued upon were issued, and there had not been since the late war. No tax had been levied to defray the expenses of the parish. There had not been from the year 1866 to 1872 any taxes collected in currency. For several years previous to the institution of the suit against the parish it had been financiering on a paper currency of its own, taking up old issues with new ones, and disregarding the statute by not providing by a tax to pay the debts and expenses of the parish. The warrants, as they were called, were drawn in the form of and intended to circulate as commercial paper; and in that case they were declared upon as such by the plaintiff, who held them under the assignment and indorsement of the payees.

The view we have taken of the case now before us inclines us to adopt in this case the same judgment we rendered in the Sterling case. It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed. It is further ordered that there be judgment in favor of the defendant, the plaintiff paying costs in both courts.

The decree now rendered is not intended to conclude the right of the plaintiff to claim from the parish payment of all legal claims and dues he may have against it; but only to decide as in former cases, that a parish unauthorized by legislative act is without power to make and put into circulation negotiable paper or instruments having the same character, payable to order or bearer by indorsement or delivery. See cases in 23 An. pp. 190–232 and 251; and also 24 An. 457.

Rehearing refused.