## TEMPLEMAN v. TEMPLEMAN BROS., Inc.

### No. 14998.

Court of Appeal of Louisiana. Orleans.

Oct. 15, 1934.

Prowell, McBride & Ray, of New Orleans, for mover.

Maurice B. Gatlin, of New Orleans, for defendant in rule.

LECHE, Judge ad hoc.

This suit was filed in the Civil district court by Mrs. Geo. N. Templeman against Templeman Brothers, Inc., a Louisiana corporation domiciled in the city of New Orleans. Judgment was rendered on May 31, 1934, in favor of plaintiff.

On July 9, 1934, the following motion and order was presented and signed by the trial judge:

"On motion of Robert N. Templeman, defendant in the above numbered and entitled cause and on suggesting to the Court that he is aggrieved by the judgment rendered by this court on the 31st day of May, 1934, and desires to appeal therefrom suspensively and devolutively to the Court of Appeal for the Parish of Orleans and signed June 11th, 1934.

"It is ordered by the court that defendant, Robert N. Templeman, be granted and he is hereby granted an appeal suspensive and devolutive to the Court of Appeal for the Parish of Orleans upon defendant furnishing bond, conditioned as the law directs in the sum of $100.00 for the devolutive appeal and in the sum fixed by law for the suspensive appeal, returnable to the Court of Appeal for the Parish of Orleans on the 9th day of July, 1934.

"Michel Provosty, Judge."

The appeal was lodged in this court on September 10, 1934.

On September 13, 1934, plaintiff and appellee moved to dismiss the appeal on the following grounds:

"1. That the defendant herein did not apply for the appeal and is not before the court as appellant.

"2. That Robert N. Templeman, the party who moved for the appeal, is without interest

herein, and that the said Robert N. Templeman, should he have an interest herein, has not furnished an appeal bond."

■ On September 15, 1934, the attorney for defendant and appellant, in his own handwriting, changed the verbiage of the motion and order for the appeal and, in a marginal note, stated that the changes were made by him at that time. In a brief in opposition to the motion to dismiss the appeal counsel says that these changes were dictated by him to his stenographer, but omitted by oversight. The trial judge signed the order of appeal as presented to him and did not sign the order as subsequently amended by appellant's counsel, and the question must be decided on the basis of the language of the original motion and order as signed by the trial judge.

■ The appeal bond is given in the name of the defendant corporation and recites:

"Now the condition of the above obligation is such, that the above bound Templeman Brothers, Inc., shall prosecute its suspensive and devolutive appeal, and shall satisfy whatever judgment may be rendered against it, or that the same shall be satisfied by the proceeds of its estate, real or personal, if it be cast in the appeal. * * *"

Plaintiff and appellee contends that the defendant corporation did not appeal, but that its president, Robert N. Templeman, appealed individually, and said appeal should be dismissed, first, for want of interest and, second, because Robert N. Templeman has furnished no appeal bond individually.

The motion for appeal reads:

"On motion of Robert N. Templeman, defendant in the above-numbered cause," etc.

The order of appeal signed by the trial judge reads:

"It is ordered by the court that defendant, Robert N. Templeman, be granted and he is hereby granted an appeal," etc.

The motion and order of appeal cannot be construed as an appeal by Robert N. Templeman, individually, as nowhere is the word "individual" or "individually" used. On the contrary, the motion is made and the appeal granted to defendant. It is true that the use of the name "Templeman Brothers, Inc.," in place of the name "Robert N. Templeman" in the motion and order would have removed all doubt. However, the use of the word "defendant" in both motion and order, coupled with the fact that defendant, Templeman Brothers, Inc., have furnished and are the principal on the appeal bond, makes certain

that it was the intention and that the appeal was taken by Templeman Brothers, Inc., defendant in the suit, and under the circumstances the use of the name Robert N. Templeman in the motion and order was inadvertent.

On July 9, 1934, before the motion to dismiss the appeal was filed, a motion for extension of time to file the transcript of appeal was filed in this court by defendant and appellant and on August 9, 1934, also before the motion to dismiss the appeal was filed, a similar motion was filed by defendant and appellant showing that the defendant corporation and not Robert N. Templeman individually was acting throughout the proceedings.

The cases cited in which stockholders, directors, and officers attempt to act on their own behalf present an entirely different situation. The question here is not whether Robert N. Templeman, president of the corporation, individually has an appealable interest, or has furnished an appeal bond, but whether the defendant corporation itself is properly before this court on appeal. We think that it is.

In Kræutler v. President, etc., of Bank of United States, 12 Rob. 456, a motion to dismiss the appeal was filed "because the right of appeal can only be exercised by the defendants, and not by their attorney in his capacity as such." The court in that case said:

"We do not look so much to the form pursued as to the substance, and no one can hesitate in saying, that the appeal is that of the Bank. The attorney as such, has no such interest known to us, as will authorize him to appeal separately from those he represents. We are, therefore, of opinion, that the appeal ought not to be dismissed."

In the case of Mathe v. Parish of Plaquemines, 28 La. Ann. 77, the court said:

"The motion to dismiss this appeal is based on the following grounds:

"That the defendant has taken no appeal; and that E. Dobse, president of the police jury of the parish of Plaquemines, has no appealable interest.

"The judgment appealed from is against the parish of Plaquemines, cited through the president of the police jury. The application for the appeal was made through the attorney representing the defendant, the parish of Plaquemines, in the name of the president of the police jury and the order of appeal was accordingly granted; and the appeal bond

was filed. The condition of the bond recites that 'the above-bound parish of Plaquemines, through the president of the police jury thereof, shall prosecute this said appeal, and shall satisfy whatever judgment may be rendered against said parish,' etc.

"There can be no doubt that it was the defendant, the parish of Plaquemines, that appealed.

"The objections are not well founded. * * *

"The motion is overruled."

See, also, Peyton v. City of New Orleans, 130 La. 986, 58 So. 852; National Rice Milling Co. v. N. O. & N. E. R. R. Co., 132 La. 615, 61 So. 708, Ann. Cas. 1914D, 1099; McCormick et al. v. Alfred S. Amer Co., Ltd., 131 La. 220, 59 So. 127.

The president of the corporation, Robert N. Templeman, has no interest known to us such as would authorize him to appeal separately from the corporation. All of the circumstances tend to show that the motion and order of appeal was filed on behalf of and granted to the defendant corporation. The use of the name "Robert N. Templeman" instead of the name "Templeman Brothers, Inc.," in the motion and order of appeal was mere inadvertence. Looking to the substance of things, and not to a slight error in form, we do not think the appeal should be dismissed on the ground upon which the motion to dismiss is founded.

For the reasons stated, it is ordered, adjudged, and decreed that the motion filed to dismiss the appeal is overruled.

Motion overruled.