Phillips *v.* Frost.

James Phillips *versus* Oliver Frost.

The drawee of an order of $55 paid 34,75, and indorsed upon it that the payee had received that sum, " it being all that the drawee agrees to pay, unless the drawer intended the order to be exclusive of $20,25 which the drawee had previously paid without order." It was afterwards ascertained that the drawer intended the whole $55 should be paid by the drawee, of which the drawee was notified by a new request from the drawer.

*Held,* the drawee was liable for the balance.

Wells J. — It appears by the testimony of Hathaway, that the defendant promised him to accept Foss' order for his services, and that relying upon this promise, the credit was given.

But it is unnecessary to decide whether a verbal promise, to accept an order, not *in esse,* is binding. The order was drawn and presented for acceptance. The defendant wrote upon it the following indorsement, " Received of Oliver Frost thirty-four dollars $\frac{75}{100}$ towards this order, it being all said Frost agrees to pay unless said John Foss intends this order to be exclusive of $20,25 paid by Frost without order."

It is not necessary to the validity of an acceptance, that the name of the acceptor should appear. Any language indicating the acceptance written by him is sufficient. Bailey on Bills, 163.

The acceptor is holden by a verbal acceptance of a bill. *Ward* v. *Allen,* 2 Metc. 53 ; *Grant* v. *Shaw,* 16 Mass. R. 341 ; *Sproat* v. *Matthews,* 1 D. & E. 182 ; *Pierson* v. *Dunlop,* Cowp. 571 ; *Storer* v. *Logan,* 9 Mass. R. 60. But the holder of a bill may take a special acceptance, *Campbell* v.

*Pettengill,* 7 Greenl. 126, or he may refuse it, as was done in the case of *Peck* v. *Cochran,* 7 Pick. 34.

The writing on the order, having been made by the defendant, although in the form of a receipt, is to be considered, not an absolute, but a qualified acceptance, expressed in his own language.

The substance of what he says is, that if Foss intended he should pay the balance, he will do it. He probably supposed there was some mistake, and that Foss had drawn the order for too much.

Hathaway deposes, that he and Foss went to the defendant and ascertained how much had been paid without orders, and settled the amount due, for which the order in suit was drawn.

There was, therefore, no mistake, and Foss did intend the order should be paid.

But the defendant, according to the construction of his acceptance, claimed to have further satisfaction, other than that which the order on its face presented, of the intention of Foss. And he had a right to require it, because he could qualify his acceptance, in such manner, as he thought proper. The acceptance is a contract, and the defendant is to be holden according to its interpretation.

The defendant does not require an exhibition to him of Foss' intention, but simply the existence of the fact, and it may be that nothing more would be required to maintain the action, than proof of the fact. As if he had said, I will pay it, if the signature of Foss to the order is genuine.

However this may be, it appears, that May 8, 1846, Foss did clearly manifest his intention by a written request to the defendant, to pay the order, which is therein alleged to be due, exclusive of what had been paid, without any order, and that this request was presented to the defendant, before the commencement of the action. Foss also deposes, that such was his intention, when the order was drawn.

It is objected, that the manifestation of intention came too late, and that there was then a balance due the defendant from the drawer. Such balance might have existed when the order was drawn. There is nothing in the facts showing oth-

erwise.   The fact of such balance in 1846 does not negative the idea, that it was existing in 1841.   There is not satisfactory evidence of any change in the relations of the defendant and the drawer, from the time of drawing the order to the bringing of the action.

But if there had been, we do not say it would have altered the liability of the defendant, who having made an acceptance of this import, must respond to it, if called upon within the usual time of limitation.   He could have required, in the acceptance, the mode and time, when a knowledge of Foss' intention should have been brought home to him, but he did not do so.   If he had assets in his hands, he should have retained them, until his obligation was satisfied.   But his acceptance without them, would bind him; it is a contract between him and the holder, which he must perform, and failing to do so he is responsible in damages, if the action is brought in season, and such is the case here.

The declaration, in the amended counts, expresses the contract, according to its legal tenor and effect.

*Judgment for the plaintiff.*

*Hathaway & Peters,* for plaintiff.

*J. & M. L. Appleton,* for defendant.