State *v.* Barnes.

Common selling is made up of individual acts of sale. The major offence includes the minor. Whart. Cr. Law, 114; 1 Chit. Cr. Law, 453, 4 and 5.

Where one offence is a necessary ingredient of another, a conviction for the latter bars all prosecution for the former. 2 Virgin. Cases, 159; 6 Dana, 295; 14 Pick. 90; 2 Metc. 413.

*Tallman,* Attorney General, for the State.

The replication asserts that the act charged in the complaint was not one of those which made up the offence of common selling ; and the jury have so found.   That ends the case.

NOTE. — This complaint was founded on the fifth section of chap. 205, of the year 1846.   That section was repealed by the Act, chap. 211, of the year 1851.

### STATE *versus* BARNES.

In an indictment for a libel, an allegation that the defendant sent the same to several specified persons, and *thereby* published the same, is a sufficient averment of publication.

Such an allegation is not a mere conclusion of law.   It is sustained by proof, that the defendant sent the libel to one only of the persons specified.

An allegation that the defendant wrote and printed a *libel,* may be treated as an allegation that he wrote and printed a *false and defamatory* publication.

In an indictment for a libelous publication, it is not necessary to set out the residence and addition of the person libeled.

Where several mere *modes of publication* are mentioned, it is not fatal to the indictment, that they are alleged in the *disjunctive.*

State *v.* Barnes.

A former conviction for the same offence, cannot avail in arrest of judgment. It should be specially pleaded.

EXCEPTIONS from the District Court, RICE, J.

Indictment, alleging that the defendant had composed, written and printed a false, scandalous, malicious and defamatory libel, of and concerning one J. B., charging him with having committed several offences, which are, by statute, made *felonies.*

The trial was had upon a plea of not guilty.

The defendant offered to prove certain acts of the said J. B., coming within the class of *misdemeanors,* but the evidence was rejected.

The indictment set forth that the defendant sent the libel to three persons named, and to divers other persons to the jurors unknown, in an envelope in the form of a letter, or printed circular, or pamphlet, directed to each of said persons, and did thereby publish the said libel, to the great injury, &c.

The defendant contended that it was incumbent on the State to prove the publication in the mode alleged, and that the libel was sent to each and every one of said three named persons. But the Judge instructed the jury that a communication of the contents of the supposed libel to one only of said persons was sufficient proof of publication. The verdict was against the defendant. Several causes were then alleged in arrest of judgment.

*Gilbert,* for the defendant, in relation to the points discussed in the opinion.

1. There was error in the instruction, that the publication was proved by showing that the paper was sent only to one person. The indictment does not technically allege a publication. It merely alleges some facts, and then avers, that *by means of those facts* there was a publication. As the publication is indispensable to the offence, those *means* become descriptive, and should therefore, *all* of them be proved. 1 Stark. Ev. 373, 375; 1 Chitty's Cr. Law, 232.

2. Publication is not sufficiently alleged. No time or place

State v. Barnes.

is stated. A reference to certain acts of the defendant, and then an allegation, that *thereby* he published, is insufficient. This expression "thereby" cannot enlarge the import of the words describing the acts referred to. But those acts, of themselves, do not constitute a publication.

3. The averment, that the defendant did thereby publish, is but a conclusion of law, and that conclusion is erroneously drawn. It depends upon the import of the word used, which has no technical sense, and is of many different meanings, none of which necessarily import that the envelope was *opened* or even *received*. And if the envelope was never opened, and especially if it was never received, how could the sending become a publication? The rules of criminal law require more strictness. The description of an offence demands as much certainty as the case admits. 1 Chitty's Cr. Law, 169, 172; 5 Term R. 623.

4. The indictment charges the whole of the article to be the libel. It is a sound rule, not to be disregarded, that in an indictment charging a written "libel," the whole of it must be set out. In this case, that rule, so essential to the rights of the defendant, has been wholly violated.

5. It was necessary to allege who, among several persons of the same name, was the one libeled. This should have been done by stating his residence, rank, degree or employment. 1 Chitty's Cr. Law, 215 & 169; 1 Stark. Ev. 376.

6. The offence is stated merely in the disjunctive; whether the supposed libel was sent in a letter, circular or pamphlet, does not appear. This is a fatal defect. 1 Chitty's Cr. Law, 326.

7. The defendant is now under conviction in another county for writing and publishing the same libel. The question is submitted, whether he can be made to suffer twice for the same offence.

*Tallman,* Attorney General, for the State.

SHEPLEY, C. J., orally. — The indictment alleges that the supposed libel was sent to several persons named. The de-

fendant contends that, though unnecessary to have alleged the sending to more than one person, yet having alleged the sending to many, the whole allegation must be proved.

Whatever allegation is *descriptive* of the offence must be proved. But the allegation of sending to *more* than *one* person was not descriptive of the offence. It was only an averment of the mode in which the offence was, in part, effected. The ruling of the Judge on that point was therefore correct.

2. The defendant contends that no publication is alleged. But we think otherwise. The allegation of sending the libel and that *thereby* the defendant published it, is a sufficient averment of publication.

3. It is however insisted, that the averment, made after alleging the sending to several persons, that the defendant "thereby published" the libel, was but a conclusion of law, and not the allegation of a fact.

If that view of the case was correct, it would be fatal to the prosecution. But it is otherwise. The allegation is that the defendant *did thereby publish.* That he did *thereby* publish to some one of the persons, was a fact necessary to be proved. It was not therefore a mere conclusion of law.

4. It is also insisted that, when the government allege the publishing of a written "libel," it should *all* be set out in the indictment.

The term "libel," as used in this indictment, imports a defamatory publication, written and printed. And it is not ground of objection that it is used in that sense. Suppose then those words were substituted. It is not requisite that, in an indictment for a defamatory publication, the whole of a book containing it should be set out.

5. Another objection is, that the indictment does not allege the residence or addition of said J. B. But such an allegation is not requisite.

6. Though described in the disjunctive, (letter, circular, *or* pamphlet,) that description is not of the essence of the offence, but is only of the mode of publication, viz : that the

libelous matter was published in one or the other of those forms; and it is quite unimportant which.

7. The former conviction should have been specially pleaded. It could not come in by way of evidence under a plea of not guilty.

*Exceptions overruled. Case remanded.*