### GUENTHER v. THE PEOPLE.

1. PRACTICE IN CRIMINAL CASES—EXCEPTION, WHEN NOT REQUIRED.

A plea of *autrefois acquit* is preserved by the record proper, and no exception to the ruling thereon need be preserved in order to obtain a review.

2. SAME—PLEADING—AUTREFOIS ACQUIT.

Former acquittal or conviction must be pleaded specially, evidence of either not being admissible under the plea of not guilty.

3. SAME.

If the matter set out in the second information was admissible as evidence under the first, and a conviction could have been properly maintained upon such evidence, a plea of *autrefois acquit* is sufficient; otherwise it is not.

4. SAME.

No one can be put in jeopardy twice for the same offense.

*Error to the District Court of Arapahoe County.*

ON APRIL 24, 1894, the district attorney of the second judicial district filed in the district court of Arapahoe county an information, charging the defendant with the crime of embezzlement. This information contains two counts. In the first the defendant is charged with fraudulently converting to his own use $196.95 of the money of Herman Goldsmith, the same having been delivered to the defendant by Goldsmith in trust and confidence, and with the direction and agreement that the defendant would and should apply it to the payment of the first premium on a policy of insurance upon the life of Goldsmith in The Travelers' Insurance Company, if such policy could be obtained ; otherwise the money

to be returned to Goldsmith. In the second count the defendant is charged with having received the check of Goldsmith for $196.95 for the purposes stated in the first count, but that, in violation of the trust and confidence reposed in him, it is averred that he obtained and received, as the proceeds of such check, $196.95 in lawful money, etc., and did then and there feloniously embezzle and fraudulently convert the same to his own use.

To this indictment the defendant filed a plea of *autrefois acquit*. In this plea a certain prior information filed in the same court is set out, containing three counts, in the first of which he is charged with the embezzlement of the money of Goldsmith to the amount of $196.95, obtained and embezzled as charged in the first count of the last indictment, as hereinbefore stated. In the third count of the first information, as set forth in the plea of former acquittal, the defendant is charged with the embezzlement of the check for $196.95. The plea further avers that the defendant pleaded not guilty to each count in this former information, and that a jury was duly impaneled and sworn to try the issue so joined, and thereafter such proceedings were had that the jury returned a verdict of not guilty, upon which a judgment of acquittal was duly entered by the district court. It is further averred that the felony and embezzlement in the former information mentioned and the felony and embezzlement in the present information mentioned are one and the same, all of which the defendant stands ready to verify. The court overruled this plea, and, the defendant being required to plead further to the second information, he entered a plea of not guilty to each count thereof. Upon the issues thus joined a trial was had to a jury, who returned a verdict of guilty. Upon this verdict the defendant was sentenced to imprisonment in the state penitentiary for a term of one year. Upon the record being filed in this court, a writ of error was issued and made a *supersedeas*.

Mr. L. C. ROCKWELL, for plaintiff in error.

THE ATTORNEY GENERAL and Mr. F. P. SECOR, of counsel, for the People.

CHIEF JUSTICE HAYT delivered the opinion of the court.

As the record fails to show an exception to the ruling of the court upon the defendant's plea of *autrefois acquit*, it is claimed that such ruling is not open to review in this court. This plea, however, like a demurrer in a civil action, is preserved by the record proper, and the objection to the proceeding made by this plea saves itself, and no exception to the ruling need be reserved. *Hall v. Linn*, 8 Colo. 270; *Burton v. Snyder, post*, p. 173; *Young v. Martin*, 8 Wall. 354.

It is next contended that the plea is made available by our statute under the general issue, and that a special plea of *autrefois acquit* is for this reason useless and unnecessary, and, being unnecessary, it was not error to overrule the plea or strike it from the files, as by such action of the court, it is said the accused sustained no wrong, as he might nevertheless have introduced evidence in support thereof under the issue made by his plea of not guilty.

This argument is based upon section 1461 of Mills' Annotated Statutes, which provides that "upon the arraignment of a prisoner, it shall be sufficient, without complying with any other form, to declare orally, by himself or his counsel, that he is not guilty." In the case of *Hankins v. The People*, 106 Ill. 628, a majority of the court of that state indorsed the views now advanced by the attorney general. Mr. Justice Scholfield dissented from these views, although he concurred with the majority in affirming the judgment. Justices Mulkey and Dickey also concurred in this dissent.

The general statute governing criminal trials in this state reads as follows: "All trials for criminal offenses shall be conducted according to the course of the common law, except when this chapter points out a different mode." Mills' An. Stats., sec. 1467.

At common law a plea of former acquittal or conviction

must be specially pleaded, evidence of either not being admissible under the general issue. 1 Bishop Cr. Proc. (2d ed.), sec. 805; *State v. Barnes*, 32 Me. 530.

And as the statute does not point out a different mode of interposing these pleas, it would seem that they shall be specially pleaded. Aside from this, it has always been the practice in this state to interpose such defenses by special plea, and as this practice has received the direct sanction of this court, it should not now be departed from to the injury of persons charged with crime. *In re Allison*, 13 Colo. 531.

Why this plea was overruled by the district court we are not informed, as no defense to this ruling has been attempted in this court, except upon the ground that the plea was not verified, which is not well taken, as the defendant in his plea states his willingness to verify, which is all that good practice requires.

It appears from the plea that in the first count of the former information the defendant was charged with the embezzlement of $196.95 in money, and in the second and third counts he was charged with embezzling a check of that value, while the count upon which the defendant was convicted and sentenced is made up by joining together the first and third counts in the first information.

In the case of *Dill v. The People*, 19 Colo. 469, it was said that in determining whether or not a plea of *autrefois acquit* is sufficient in law the following may generally be regarded as the proper test: " Was the matter set out in the second indictment admissible as evidence under the first, and could a conviction have been properly maintained upon such evidence. If yes, then the plea is sufficient; otherwise it is not."

As we have seen, the matters set out in the second count of the second information were all set out in the first information and were admissible in evidence thereunder, and, if deemed sufficient by the jury trying that case, a verdict of guilty might properly have been returned thereon, but a jury hav-

ing passed upon this evidence and returned a verdict of not guilty, the defendant cannot be again put in jeopardy for the same matters, hence the plea of *autrefois acquit* should have been sustained. For this error the judgment of the district court is reversed, with directions that the defendant be discharged.

*Reversed.*