[No. 1452, May 9, 1913.]

## TERRITORY OF NEW MEXICO, Appellee, v. BENITO LOBATO, Appellant.

### SYLLABUS (BY THE COURT).

1. An indictment for murder in the first degree, in other respects sufficient, which concludes in the following language, "did strike and beat the said Juan Trujillo, giving to him, the said Juan Trujillo, in and upon the top of the head of him the said Juan Trujillo, one mortal contusion bruise, fracture and wound, of which said mortal wound, the said Juan Trujillo thence continually languished until, on the 30th day of December, A. D. 1909, between the hours of two and three o'clock in the morning of said day, he there died," charges that the deceased died of the mortal wound alleged to have been inflicted by the defendant.

2. The common law, adopted by statute in this state as the rule of practice and decision, in criminal cases, requires the defense of former jeopardy to be specially pleaded, and such defense is not admissible under the general issue. Held, where such defense is not so pladed, it can not be raised by motion upon the conclusion of the state's case, for an instructed verdict.

3. The record in this case shows that a valid jury was empaneled to try defendant.

4. The granting or denying of a motion for continuance is within the discretion of the trial court, and unless such discretion has been abused, to the injury of the defendant, the denial of such motion will not constitute error.

5. It is not an abuse of discretion by the trial court, to refuse to grant a continuance, where the only ground stated

in the application is the absence of counsel for defendant in an adjoining county, attending court.

6. Where instructions given by the court, in a criminal case, are objectionable to the defendant, he must call the court's attention to the claimed error in such instructions, prior to, or at the time they are given, so that the court may have an opportunity to correct the alleged error: and objections filed in the clerk's office to instructions two days after the trial and verdict will not be considered.

7. The same rule applies to requested instructions which the court refuses to give. It is the duty of the defendant, if he intends to predicate error upon such refusal, to except to the action of the court, at the time, in refusing to give such instructions.

8. In cases of homicide it is permissible to allow the defendant to show the general reputation of the deceased as to being a lawless and violent character, but specific acts of violence on the part of deceased may not be shown.

9. The trial court properly admitted in evidence a portion of the skull of the deceased, showing the character of one of the claimed mortal wounds, alleged to have been inflicted by the defendant.

10. Defendant can not predicate error, upon the action of the court in permitting the sheriff, who arrested defendant, to testify to an alleged conversation had with defendant, where there was no showing that such statement was made under duress, threats or promises.

Appeal from District Court, Taos County.

CATRON & CATRON, for appellant.

Insufficiency of indictment. People v. Wallace, 9 Cal. 31; 1 Wharton Crim. Pl. and Pr., 85; Edmondson v. State, 41 Tex. 496.

Former jeopardy. State v. Robinson, 46 La. Annual 769; People v. Arnett, 61 Pac. 930; State v. Moses, 139 Mo. 217; State v. Ganigues, 1 Hayw. 241; Cooley on Constitutional Limitations (6th ed.); People v. Robert Gage, 48 Cal. 323; O'Brien v. Commonwealth, 9 Bush. 333; Miller v. State, 8 Ind. 325; McCorkle v. State, 14 Ind. 40; Commonwealth v. Cook, 6 S. & R. 577; Commonwealth v. Clue, 3 Rawles R. 501; In re Spier, 1 Dever 491; State v. Wamire, 16 Ind. 357; People v. Bradner, 107 N. Y. 1; Lampshere v. State, 114 Wis. 193; Henscher v. People, 16 Mich. 46; State v. Bowman, 78 Ia. 520; State v. Thompson, 95 Ia. 464; State v. Windstrand; 77 Ia. 112; Martin v. People, 44 Ill. 476; State v. Straub, 16 Wash. 111; Gamelly v. State, 37 Ohio 120; State v. Cassidy, 12 Kas. 423.

Invalidity of the jury. Secs. 995, 997, 998, 999, C. L. 1897; Crain v. U. S., 162 U. S. 644; sec. 38, chap. 57, laws of 1907; U. S. v. Aurandt, 15 N. M. 292; Brazier v. State, 44 Ala. 392; Hurtado v. People, 110 U. S. 516; State v. Bates, 47 Pac. 78; Delany v. Police Court, 167 Mo. 678; Matter of Buchanan, 146 N. Y. 271; Hall v. Armstrong, 65 Vt. 421; Rowan v. The State, 30 Wis. 129; Hagar v. Reclamation Dist., 111 U. S. 708; Kagee v. Ins. Co., 92 U. S. 93; Railway v. Humes, 115 U. S. 520.

On refusal to grant continuance. Territory v. Emilio, 14 N. M. 153; Territory v. Leary, 8 N. M. 186; Territory v. McFarland, 7 N. M. 421; Territory v. Watson, 12 N. M. 419; Kinney v. Territory, 3 N. M. 556; Leslie v. Commonwealth, 42 S. W. 1095; Bates v. Commonwealth, 16 S. W. 520; Cornelius v. Commonwealth, 64 S. W. 412; Taylor Delk v. The State, 100 Ga. 61; Scott v. State, 43 Tex. Crim. Rep. 610; Pink Dougherty v. State, 33 Tex. Crim. Rep. 173.

Errors in instruction. Coffin v. U. S. 156 U. S. 452 to 461 incl.; Wharton's Criminal Evidence, 306 to 309 incl.; State v. Sedburi, 14 Tex. 214; 22 Ency. Pleading and Practice 827; Terry v. State, 22 Tex. 679; Gosha v. State, 56 Ga. 36; Wimbush v. State, 70 Ga. 718; Murphy v. State, 121 Ga. 142; Walker v. State, 153 Ala. 31; section 2, chapter 36, laws of 1907; Words and Phrases, vol. 6, page

5527; Potter v. U. S., 155 U. S. 448; Davis v. U. S., 160
U. S. 484; New Orleans, etc. Ry. Co. v. Jopes, 142 U. S.
24; Bank v. Bank, 6 How 226-227; Coffin v. U. S., 156
U. S. 452; Territory v. Ricardo Alarid, 15 N. M. 169;
Beard v. U. S., 158 U. S. 564; sub-section 4, sec. 850, Bish-
op's New Criminal Law; Erwin v. State, 29 Ohio St. 198;
State v. Dixon, 7 N. C. 204; Wharton's Crim. Law, vol.
2, sec. 1019; People v. Newcomer, 118 Cal. 273; State
v. Cushing, 14 Wash. 530; Babcock v. People, 13 Colo.
516; Runyan v. State, 57 Ind. 80; Larue v. State, 64
Ark. 147.

Errors in excluding evidence. Wharton's Crim. Ev., vol.
2,246; Rex. v. Lynch, 5 Car. & P. 324; Commonwealth
v. Terciniski, 189 Mass. 257; State v. Nett, 50 Wis. 527;
State v. Spirey, 58 Miss. 865; State v. De Forest, 21 Ind.
23; State v. Payne, 1 Metc. (Ky.) 371; State v. Collins,
32 Iowa 39; Smith v. U. S., 161 U. S. 85; State v. Tif-
fany, 121 Pa. 181; State v. Hudson, 6 Tex. App. 565;
State v. Choiser, 10 Cal. 30; State v. Turpin, 77 N. C.
473; State v. Lull, 48 Vt. 587; State v. Abernathy, 101
Pa. 322; State v. Robertson, 30 La. A. 340; State v.
Brownell, 38 Mich. 735; State v. Monroe, 5 Ga. 86; State
v. Bryant, 55 Mo. 78; State v. Cotton, 31 Miss. 504; Whar-
ton on Homicide, secs. 606-27; Wigmore on Evidence,
sec. 246; 5 A. & E. Law, 872, and authorities thereunder;
State v. Teserman, 68 Mo. 415; State v. Harris, 95 Mich.
90; Johnson v. State, 28 Tex. App. 25; Childers v. State,
3 Tex. App. 160; Dodson v. State, 44 Tex. App. 204;
State v. Shadwell, 22 Mont. 573; State v. Burton, 63
Kans. 608; State v. Shadwell, 22 Mont. 571; State v.
Hampton, 65 S. W. 526; State v. Cole, 88 S. W. 341; State
v. Beard, 118 Iowa 477; State v. Poer, 67 S. W. 500; State
v. Crowe, 88 S. W. 814; State v. Havens, 26 Ky. L. 706;
Author's Note in L. R. A., vol. 3 (N. S.) 377; Bishop's
Crim. Pro., vol. 2, secs, 609-10; State v. Collins, 32 Iowa
39; State v. Sumner, 130 N. C. 718.

Confessions. State v. Amos, 83 Ala. 1; Coffee v. State,
25 Fla. 501; Clayton v. State, 31 Tex. Crim. R. 489; 96
Va. 489; 50 La. 23; Nicholson v. State, 38 Md. 140;
People v. Soto, 49 Cal. 67; McAlpine v. State, 117 Ala. 93.

FRANK W. CLANCY, Attorney General, and H. S. CLANCY, Assistant Attorney General, for appellee.

The indictment sufficiently alleges the cause of death. U. S. v. Ball, 163 U. S. 673; Lutz v. Commonwealth, 29 Pa. 443.

No reversible error in the proceedings as to arraignment and the impaneling of a jury. Territory v. Gonzales, 13 N. M. 94; U. S. v. Aurandt, 15 N. M. 292; Hensche v. People, 16 Mich. 46; State v. Hunter, 8 So. 624; People v. Managhan, 102 Cal. 229; Morton v. People, 47 Ill. 468; Hatfield v. State, 9 Ind. App. 296; Lamphere v. State, 114 Wis. 193; People v. Bradner, 107 N. Y. 1; West v. State, 48 Ind. 483; Joy v. State, 14 Ind. 139; Gormley v. State, 37 Ohio St. 120; Hensche v. People, 16 Mich. 49; U. S. v. Molloy, 31 Fed. 21; State v. Straub, 47 Pac. 228.

No error in refusing to grant motion for continuance 9 Cyc. 168; Roberts v. People, 13 Pac. 634; People v. Doldenson, 19 Pac. 167; Van Horn v. State, 40 Pac. 964; Walker v. State, 13 Tex. Ct. App. 645; Johnson v. State, 33 S. E. 641; Feinberg v. People, 51 N. E. 798; People v. Considine, 63 N. W. 196; People v. McGuinness, 15 N. Y. S. 230; Mixon v. State, 35 S. W. 394; People v. Durrant, 51 Pac. 185; Newberry v. State, 8 So. 445; Long v. People, 25 N. E. 851; State v. Sullivan, 23 Pac. 645; Hatfield v. Com., 55 S. W. 679; Stevens v. Com., 6 S. W. 456; Brown v. Com., 7 Ky. L. Rep. 451; State v. Parker, 17 S. W. 180; Moore v. State, 70 S. W. 89; Roberts v. State, 51 S. W. 383; Weaver v. State, 30 S. W. 220; Barton v. State, 31 S. W. 671; Stockholm v. State, 7 S. W. 338; State v. Koontz, 5 S. W. 328; State v. Bane, 42 Pac. 376; Poppell v. State, 71 Ga. 276; Smith v. State, 78 Ga. 71; State v. Ostrander, 18 Ia. 448; Long v. State, 38 Ga. 491; Wright v. State, 18 Ga. 283; Allen v. State, 10 Ga. 46; Giles v. State, 66 Ga. 344.

No error in giving instruction numbered 10 as to venue. 12 Cyc. 494; Wilson v. State, 36 S. W. 842; Cox v. State, 28 Tex. App. 92; Achterberg v. State, 8 Tex. App. 463; Hoffman v. State, 12 Tex. App. 406; Richardson v. Com., 80 Va. 124; Andrews v. State, 21 Fla. 598; State v. Dent,

6 Rich. 382; McKinnie v. State, 32 So. 786; Smith v. State, 10 So. 894; Warrace v. State, 8 So. 748; Lyon v. State, 34 S. W. 947; Boggs v. State, 25 S. W. 770.

No error in instructions as to heat of passion. 2 Bishop's Crim. Law, sec. 697; State v. Bulling, 105 Mo. 204; State v. Ellis, 74 Mo. 207; Smith v. State, 49 Ga. 482.

No error as to instructions on self-defense. Coffin v. U. S., 156 U. S. 441; Brickwood's Sackett on Instructions, secs. 3103 to 3122; Territory v. Alarid, 15 N. M. 165; U. S. v. Densmore, 12 N. M. 99; Allen v. U. S., 164 U. S. 497.

Instructions are not before the court for review. Territory v. Caldwell, 14 N. M. 535; Territory v. Gonzales, 14 N. M. 31; Territory v. Watson, 12 N. M. 419; Territory v. O'Donnell, 4 N. M. 196.

CATRON & CATRON, for appellants, in reply.

Record must show affirmatively every step necessary to the validity of the sentence. Crane v. U. S., 162 U. S. 644; U. S. v. Aurandt, 15 N. M. 192; Ayer v. N. M., 201 Fed. 497; Pettine v. N. M., 201 Fed. 489; People v. Durrant, 51 Pac. 185; Newberry v. State, 8 So. 445; Smith v. State, 78 Ga. 71; Poppell v. State, 71 Ga. 279; Wright v. State, 18 Ga. 383; State v. Ostrander, 18 Ia. 448; State v. Sullivan, 23 Pac. 645; Stevens v. Commonwealth, 6 S. W. 456; Long v. People, 25 N. E. 851; State v. Parker, 17 S. W. 180; Gray v. State, 7 S. W. 339; Walker v. State, 13 Tex. 645; Bullock v. State, 10 Ga. 46; Giles v. State, 66 Ga. 345; State v. Bain, 42 Pac. 376; Roberts v. People, 13 Pac. 634.

CATRON & CATRON, for appellant. On motion for rehearing.

The court failed to distinguish between a plea of former jeopardy raising solely as a question of law and a special plea of former jeopardy as a plea in bar raising both a question of fact and a question of law. Vol. 16, Ency. Pl. and Pr., 565, sec. 9; Tweedy v. Jarvis, 27 Conn. 42; Peo-

ple v. Harding, 53 Mich. 481; Commercial Mfg. Co. v. Conrad, 9 Phila. 24; 29 Leg. Int. 308; Day v. Clarke, 1 A. K. Marsh. 521; People v. Shaw, 13 Ill. 583.

As to discharge of the jury. O'Brien v. Commonwealth, 9 Bush. 333; Miller v. State, 8 Ind. 325; McCorkle v. State, 14 Ind. 40; Commonwealth v. Cooke, 6 S. & R. 577; Commonwealth v. Clue, 3 Rawles 501; State v. Ganigues, 1 Hayw. 241; In re Spier, 1 Dever 491; State v. Wamire, 16 Ind. 357; Thompson v. U. S., 155 U. S. 274; Russell on Crim. Law, vol. 2, 55; Hopt v. Utah, 110 U. S. 579; Thompson v. Utah, 170 U. S. 343; Lewis v. U. S., 146 U. S. 370; Schick v. U. S., 159 U. S. 65; Crane v. U. S., 162 U. S. 625.

Former jeopardy. People v. Bennett, 114 Cal. 56; Gunther v. People, 22 Col. 121; State v. Russell, 58 N. H. 257; Bishop's New Crim. Proc., vol. 2 (2nd ed.), secs. 818, 819, 828, 821, 825.

As to the empaneling of the jury. Pettini v. Territory, 201 Fed. 497; Crain v. U. S., 162 U. S. 644; U. S. v. Aurandt, 15 N. M. 292; Ayer v. Territory, 201 Fed. 497.

### STATEMENT OF FACTS.

An indictment was returned against the appellant, by the grand jury of Taos County, charging him with the crime of murder in the first degree. He was tried, found guilty of voluntary manslaughter, and by the court sentenced to a term of not less than seven, nor more than ten years, in the territorial penitentiary. From such judgment this appeal is prosecuted.

### OPINION OF THE COURT.

ROBERTS, C. J.—Appellant relies upon six grounds of error, for a reversal of this cause, which we will discuss in the order presented.

The first contention urged is that the court erred in overruling the demurrer to the indictment. Several grounds of demurrer were stated, but appellant here urges for consideration only the following:

"Said indictment does not charge that deceased died of the mortal wounds alleged to have been inflicted by the

-defendant." The same objection was also raised by motion in arrest of judgment. That portion of the indictment, necessary to set out in order that the ground of objection may be intelligently understood, reads as follows:

"Did strike and beat the said Juan Trujillo, giving to him, the said Juan Trujillo, in and upon the top of the head of him the said Juan Trujillo, one mortal contusion, bruise, fracture and wound, of which said mortal wound, the said Juan Trujillo thence continually languished until, on the 30th day of December, A. D. 1909, between the hours of two and three o'clock in the morning of said day, he there died."

We do not believe the language used in the indictment and quoted above, by any rule of construction, justifies the assertion that it does not charge that the deceased died of the mortal wounds, inflicted by the defendant.

Briefly stated, and stripped of legal verbiage, the indictment charged that Trujillo was given a mortal wound by the defendant, "of which mortal wound" the said Trujillo "there died." It is true, the indictment alleges, after using the language "of which said mortal wound," that "the said Juan Trujillo continually languished until, on the 30th day of December, A. D. 1909, between the hours of two and three o'clock in the morning of said day," and that such language intervenes between the words "of which said mortal wounds" and "he there died," still it is all a part of one sentence, and such language simply relates what occurred between the infliction of the wounds and the death. The charge is that he died of the mortal wounds, so received, and the recital is made, that of the mortal wound so received, he languished, followed by a statement of the time of his death. The charge is all part of one sentence, separated only by commas, and only by a strained construction can appellant's contention be sustained.

In the preparation of this indictment the district attorney did not follow the usual approved form, and such practice is not to be commended. Such officials, by the exercise of ordinary care and prudence in drafting indictments, can avoid all question as to the sufficiency thereof.

While innovations are unwise, the antagonism to them that will preclude the use of equivalent expressions would be even more pernicious. Borrego v. Territory, 8 N. M. 446. Appellant has cited us to the following cases, which he insists hold such an indictment defective: State v. Bland, 69 Mo. 317; State v. Dunheimer, 93 Mo. 311; People v. Jacinto, 6 Cal. 208; People v. Wallace, 9 Cal. 31; Edmondson v. State, 41 Tex. 496. An examination of the cases, however, will show that the language used in the indictments therein, under consideration, was altogether different from that used in the one now before the court.

On the other hand the Attorney General has called our attention to the case of Lutz v. Commonwealth, 29 Pa. S. R. 441, where the charge that death resulted from the wounds inflicted, was not nearly so positive or direct as in the indictment in this case, and the same was upheld by that court. In the Pennsylvania case the language was as follows:

"One mortal wound, of the length of one inch and the depth of six inches, of which said mortal wound, he, the said Richard O'Leary, from the said twenty-seventh day of June, in the year aforesaid, at the county aforesaid, until the twenty-eighth day of the same month of June, in the year aforesaid, at the county aforesaid, did languish, and languishing did live; on which said twenty-eighth day of June in the year aforesaid, the said Richard O'Leary, in the county aforesaid, died."

Speaking of this language the court there says:

"The rule undoubtedly is that an indictment for murder must expressly show that the party died of the hurt specially described and set forth; but in construing indictments we are not, whilst avoiding intendments against the life of the prisoner, to fall into such extreme astutia as shall ignore the force and meaning of language."

The holding of the Pennsylvania court was approved by the Supreme Court of Illinois in the case of Palmer v. People, 138 Ill. 356. The court said:

"The mortal wound was given one day, and the deceased languished or grew weaker until the next day, and died. It is clear that he died of the mortal wound given, of

which he languished to death. The respective dates of
the stroke and of the death are sufficiently stated. Lutz
v. Commonwealth, 29 Pa. St. 441; 2 Bishop's Crim. Proc.,
sec. 528; Bishop's Directions & Forms, sec. 520; State v.
Conley, 29 Me. 78; State v. Haney, 67 N. C. 467; 9th A.
& E. Enc. Law, 636."

In the case of Tickle v. The State, 6 Tex. App. R. 623,
an indictment of similar phraseology was held sufficient.
The court said:

"The indictment alleges that the defendant on the 5th
day of March, 1876, in the county of Navarro and State
of Texas, inflicted upon James Shields a mortal wound,
'of which mortal wound, he, the said James Shields, then
and there languished, and afterwards, to-wit, on the 10th
day of March, 1876, languishing, died." This we think
sufficiently charges that the death of Shields proceeded
from the wounds." See also U. S. v. Ball, 163 U. S. 662.

For the reasons stated we are of the opinion that the
demurrer to the indictment was properly overruled. The
indictment alleged an assault and the nature thereof, the
mortal wounding of the deceased, and that the deceased
died of such wounds within a year and a day, and was
therefore sufficient.

When defendant was first brought into court to answer
the indictment in this case, he pleaded not guilty. There-
after the record discloses that the defendant without with-
drawing his prior plea, and without leave of court first
had or obtained, filed a demurrer to the indictment. No
action appears to have been taken upon said demurrer
until the day set for trial. Upon the day the record shows
that the demurrer came on for hearing, and was overruled
by the court, and the record continues:

"Whereupon both parties announced themselves ready
for trial, and now comes the jury as follows, to-wit:"
(followed by the names of twelve jurors, and the usual
formal entry showing the empaneling and swearing of the
jury.) Thereafter the record recites: "Thereupon it ap-
pearing to E. C. Abbott, Esquire, District Attorney, that
defendant had not been arraigned, and had not pleaded
since the overruling of the defendant's demurrer, upon

motion, the court dismissed the jury and directed that the defendant be arraigned and plead."

This language is followed by a recital of the arraignment and plea of not guilty of the defendant. Thereafter the record shows that the same twelve jurors first empaneled were placed in the box and shows that said jurors were sworn, but it is not plain as to whether the record intends to show that such jurors were re-sworn after the second formal arraignment and plea of the defendant, or whether it is attempting to recite the fact that such jurors were sworn prior to their dismissal theretofore, as recited.

The defendant did not plead former jeopardy specially, neither did he raise it by motion or call it to the attention of the court in any manner prior to entering upon the trial of the case, but at the conclusion of the testimony on the part of the territory, he interposed a motion for an instructed verdict and, as one of the grounds for said motion, attempted to raise the question of former jeopardy as follows:

"That the record of the court shows former jeopardy in that it shows that a jury had, prior to this trial, been called, empaneled and sworn to try this case and the charges contained in the said indictment, and that thereafter the jury was dismissed."

Former jeopardy was also relied upon in a motion filed in arrest of judgment.

In the view we take of the question, it is not necessary for us to determine the question as to whether or not the defendant was placed in jeopardy by the swearing of the first jury for the reason that the matter was not properly raised or presented to the court. Sec. 3422, R. S. 1897, is as follows:

"In criminal cases the common law, as recognized by the United States and the several states of the Union, shall be the rule of practice and decision."

Several of the states have statutes altering the common law provisions as to practice and procedure in criminal cases, some such statutes provide that a defendant may put in issue, under a plea of not guilty, all defenses which he may have to the charge upon which he is being prose-

cuted, and in those states it is uniformly held that he may prove under such general issue, former jeopardy, or *autrefois acquit* or *convict*. However, according to the doctrine of the common law jeopardy, or former conviction or acquittal, must be specially pleaded, and such defenses are not admissible under the general issue. 9 Ency. Pl. & Pr., 630.

"The defendant's plea of not guilty puts in issue all of the allegations of the indictment or information, and nothing more. In this case the defendant would not have been allowed to prove at the trial that he had been once in jeopardy, for there was no such issue in the case, and could be none unless he saw fit to make it by plea." People v. Bennett, 114 Cal. 56. In that case the defendant filed no special plea, and attempted to raise the question of former jeopardy by his motion for a new trial. The court held that this could not be done, for it would be permitting the defendant to introduce evidence upon his motion for a new trial that would not have been admitted if offered at the trial. The defendant going to trial upon the general issue of not guilty, and having filed no special plea in bar, setting up former jeopardy, could not introduce in evidence such former jeopardy, and as he could not introduce such facts in evidence, he could not rely upon it in his motion for an instructed verdict.

"The whole question of once in jeopardy was entirely foreign to the case, unless raised by a special plea, and, when so raised, an issue of fact was presented, on which the jury alone possessed the power to pass." People v. Bennett, supra.

In the California cases above cited, the defendant was being prosecuted upon the same information under which he claimed former jeopardy had attached. See also Zachary v. State, 7 Baxt. 1; State v. Washington, 28 La. Ann. 78; State v. Barnes, 32 Me. 534; Rickles v. State, 68 Ala. 538. Also De Arman v. State, 79 Ala. 10, where the court held that a former conviction or acquittal must be specially pleaded, and when so pleaded, the issue joined on it must be tried and determined before the issue on the plea of not guilty is submitted to the jury.

In the case of State v. Buzzell, 58 N. H. 257, the court, in speaking of the defense of former acquittal, or former jeopardy said:

"Former acquittal or former jeopardy, as a defense, is a plea of discharge or release that gives a reason why the defendant ought not to answer the indictment, and ought not to be put upon trial for the crime alleged. 4 Bl. Com. 335. The plea of not guilty raises the question, not whether, by former acquittal or jeopardy, he is discharged from a crime, but whether he committed it. When, as in this case, there is an opportunity to plead former judgment or jeopardy, and it is not pleaded, the case is as if there were no former judgment or jeopardy."

See also Gunther v. The People, 22 Colo. 121, where the court held that former acquittal, or conviction, must be pleaded specially, evidence of either not being admissible under the plea of not guilty.

The Supreme Court of Massachusetts, in the case of Commonwealth v. Chesley, 107 Mass. 223, state the rule as follows:

"If the defendant relied upon a former acquittal, he should have pleaded it specially, so that issue might have been taken upon it either to the court or the jury. It cannot be proved under the general issue."

In the case of McBean v. State, 3 Heisk. 20, the defendant had filed a formal plea in bar of former conviction, but such plea was not urged by counsel, and they proceeded with the trial without first insisting on a determination of the plea so filed. After examining one witness they attempted to rest and secure a determination upon such plea; the right to do so was denied. The court said:

"The defendant and his counsel were bound to know and to take notice of the pleadings which were on file in the case; and going to trial upon the plea of 'not guilty' alone, was a waiver of the defense of former conviction."

See also In re Allison, 23 Colo. 525, where the court held that the defense of prior jeopardy for the same crime should be presented by special plea to the trial court. See also Logan v. State, (Miss.) 40 So. 323; Commonwealth v. Merrill, 8 Allen 545.

Territory v. Lobato, 17 N. M. 666.

It is true cases can be found holding that it is not necessary to plead former jeopardy where such fact appears upon the record in the case upon trial, but an examination of the cases so holding will demonstrate the fact that the courts in such cases apparently entirely overlooked the common law rule, and no good reason, we believe, can be advanced in support of such doctrine. Former jeopardy is properly a plea in bar of the action, **2** and it does not go to the merits. If such plea is well taken it disposes of the case. It has nothing to do with the question of the guilt or innocence of the defendant.

For the reasons stated we are of the opinion that the court did not err in refusing to direct a verdict of not guilty upon the ground of former jeopardy.

The third proposition discussed by appellant is that there was no valid jury empaneled and sworn to try the case, and therefore defendant was not accorded due process of law, as required by the constitution of the United States and the laws of New Mexico, but the record disposes of this contention adversely to the appellant. After the second arraignment the record recites:

"And now the issues in the above entitled cause being joined, both parties again announce themselves ready for trial, and now comes the jury as follows, to-wit:" (setting forth the same 12 jurors theretofore shown by the record to have been impaneled), and continues: "twelve good and lawful men taken from the body of the county of Taos, and Territory of New Mexico, sworn to well and truly try the issues joined in the cause now pending, and a true verdict therein to render according to the law, the evidence and the instructions of the court."

Appellant relies upon the fact that the jurors so selected and empaneled were the same jurors theretofore selected and dismissed by the court, so that the **3** defendant could be re-arraigned. There is nothing in the record to show but that such jury was selected in the manner required by law, and no objection or question appears to have been raised by appellant at the time.

The fourth ground assigned is that the court erred in

refusing to grant appellant a continuance. The motion for a continuance was based upon the ground that appellant's counsel could not be present at the trial, and was supported by the affidavit of the attorney. It does not appear, however, that appellant could not procure other counsel fully capable of representing him, and in fact the record in this case shows that the defendant was ably defended, and it does not appear that he suffered in any manner by reason of the denial of such motion.

The granting or denying of a motion for continuance is within the discretion of the trial court, and unless such discretion has been abused, to the injury of the defendant, the denial of such motion will not constitute error. A number of cases have been cited by counsel for appellant in his brief, to sustain his position that it was error to overrule the motion for a continuance, but there are innumerable cases which show that a request for a continuance on the ground of the absence of certain counsel is not looked upon by the courts with favor.

"Since the court trying the cause is from personal observation familiar with all the attendant circumstances, and has the best opportunity of forming a correct opinion upon the case presented, the presumption will be in favor of its action; and in no case will the exercise of this discretion be reviewed where it manifestly appears that justice has been done without sacrificing the rights of the defendant." 9 Cyc. 168.

The absence of counsel was due to the fact that he was attending court held in another county in a civil case there pending. The following quotation will show that there was no abuse of discretion upon the part of the District Court in overruling the motion for continuance upon such grounds.

In the case of Roberts v. People, 13 Pac. 634, the court said, in passing upon the denial of a motion for continuance on account of the absence of attorney for the defendant:

"The judge of the criminal court cannot reasonably be required to postpone the business of this court in order

to suit the convenience of lawyers who may desire to attend the sessions of other courts. Such a ruling could not be sustained on either principle or authority, and, if it could, the result would be detrimental to the public interest, and in many cases to the interests of suitors as well. It would in many instances interfere with the prompt dispatch of business in the various courts, and tend to prolong their sessions, thus adding materially to the expenses thereof."

In People v. Goldenson, 19 Pac. 167, the court said:

"To hold that a defendant charged with crime has an absolute right to counsel of his own selection, with unlimited right to insist upon the con/tinuances of his trial, and that the court, jury, and witnesses must await the convenience of his counsel in fulfilling other engagements, would be subversive of the prompt administration and execution of the laws—upon which depends largely their effectiveness—and subject to the time and service of citizens serving the state gratuitously, as jurors and witnesses, to the wishes of the attorney engaged in the defense. It is too apparent for argument that the court below must, in the nature of things, have some control over such matters; and, if it has any discretion, it is equally apparent that it was not abused in this particular instance."

The case last cited would seem to be particularly applicable to the case at bar in that, as held in other cases which will be cited, it was the business of counsel to know when there would be a term of court held in the county of Taos or when an adjourned term thereof would be held.

"The absence of counsel for the defendant in an adjoining county, attending court, is no ground for continuance. If it were, where terms of court conflict, continuances would be of frequent occurrence." Van Horn v. State, 40 Pac. 964-6.

"In regard to the other cause for continuance, the absence of his leading counsel, such cause might under some circumstances be sufficient to demand the continuance of a case. But this case does not present such facts as would, we think, entitle defendant to a continuance for this reason, nor is it shown that he suffered any injury on account

of the absence of his leading counsel. He was ably and faithfully represented on the trial of the cause by other counsel, as the record abundantly attests." Walker v. State, 13 Texas, County App. 645.

Appellant also assigns as error the giving by the court of certain instructions, and its refusal to give other instructions requested by the defendant. A reference to the record, however, shows that the instructions in the case were filed in the clerk's office on the 25th day of May, 1911, which is the date when the instructions were given.

**6**     There is nothing to indicate any objection or exception to the instructions so given, until two days thereafter when a paper was filed in the clerk's office, purporting to be exceptions to the instructions. This court has held that where instructions given by the court are objectionable to the defendant, the court's attention must be called to such objectionable instruction at the time they are given, so that the court can, in a proper case, correct the same. See State v. Eaker, decided at the present term of this court.

The same doctrine was announced by the Territorial Supreme Court. Territory v. Caldwell, 14 N. M. 535; Territory v. Gonzales, 14 N. M. 31; Territory v. Watson, 12 N. M. 419; Territory v. O'Donnell, 4 N. M. 196.

The same rule applies to requested instructions which the court refuses to give. It is the duty of the defendant, if he intends to predicate error upon such

**7**     refusal, to except to the action of the court at the time in refusing to give such instructions. The theory upon which the doctrine announced by the court is based, is that the attention of the court should be specifically called, by objection, to the error of its proposed action in giving or refusing to give instructions at the time of such giving or refusal, and the reason for such objection stated, so that the court may have the benefit of having pointed out to it, the alleged errors, and the ground upon which the party predicates his claim, at the time, to correct and rectify the mistake. The filing of specific objections and exceptions two days, or at any time after the jury has retired, is of no assistance to the court, and does not

comply with the rule. For the reasons stated, the court will not consider the claimed error as to such instructions.

It is next claimed that the court erred in its refusal to permit evidence of specific acts showing lawless and violent conduct on the part of the deceased. The well established rule in this state is that in cases of homicide it is permissible to allow the defendant to show the general reputation of the deceased as to being a lawless and violent character, but not to permit evidence of specific acts on the part of the deceased. U. S. v. Densmore, 12 N. M. 99.

It is also made a matter of complaint that the court erred in admitting in evidence a portion of the skull of the deceased. The evidence discloses that there was another mortal wound upon the head of the deceased, while the portion of the skull produced showed only one of these mortal wounds, but there was no error on the part of the court in this regard, and the defendant has failed to show how he was prejudiced in any manner by such action of the court.

It is lastly urged that the court erred in admitting the evidence of the sheriff of Taos county as to a conversation with the defendant while defendant was in jail, the claim being made that the conversation was something in the nature of a confession, and that it was not shown to be voluntary. An examination of the record, however, discloses that the conversation testified to by the sheriff was practically the same as the evidence given in the case by the defendant himself. Such statement, so made by the defendant, did not tend to incriminate him in any manner, but was self-exculpatory, and defendant cannot predicate error thereon. Again, no evidence was presented, either upon cross-examination of this witness, or by any other witness, that anything which the prisoner said was in consequence of duress or threats or promises, or otherwise than entirely voluntary.

Finding no error in the record, the judgment of the lower court is affirmed, and it is so ordered.

[No. 1452.]

TERRITORY OF NEW MEXICO, Appellee, v. BEN-
ITO LOBATO, Appellant.

### OPINION ON MOTION FOR REHEARING.

ROBERTS, C. J.—In the former opinion we say "The
defendant did not plead former jeopardy specially, neither
did he raise it by motion or call it to the attention of
the court in any manner prior to entering upon the trial
of the case." This statement would seemingly indicate
that the question could have been raised either by plea
in bar, or by motion, before entering upon the trial of
the case, but the authorities cited imply that such ques-
tion could only be raised by plea in bar. It is true some
courts hold that such question can only be raised by a
plea in bar, even where the defendant is being prosecuted
under the same indictment, upon which he contends he
has already been placed in jeopardy, still, as contended
by appellant here, we believe the question can be raised
by motion, or in any other appropriate manner, where the
defendant is being prosecuted upon the same indictment,
and the record in the case contains a recital of all the facts
upon which defendant relies. While this is true, the ques-
tion must be raised at the earliest opportunity. If the
defendant has not been arraigned it must be interposed
upon arraignment; if he has already been arraigned, and
no second arraignment is necessary, it must be raised be-
fore entering upon the trial of the case.

In this case the question appears of record in the same
case, and no good reason exists for the interposition of a
special plea. The record in this case discloses that the
defendant did not raise the question of former jeopardy
in any manner, prior to entering upon the trial of the
case, and only did so at the conclusion of the state's case,
by a motion for an instructed verdict. A very interesting
discussion of the question will be found in a case note to
the case of State v. White, 71 Kan. 356, reported in 6
A. & E. Ann. Cas. 132. The annotator says:

"It has been held in a number of cases that a person
accused of crimes waives his privilege of immunity from

second jeopardy by failing to plead or otherwise set up the former jeopardy when he is arraigned in the second prosecution."

The text is supported by numerous adjudicated cases. In the Kansas case the court says:

"When about to be placed in jeopardy before a second jury the accused may, if he so desire, take the chances of a favorable verdict. Should he choose so to do, no one can gainsay him; but it is his duty to make his election then. If it be his purpose to rely upon his right to bar further proceedings he should then so declare. He can not hazard a trial and when defeated revert to a matter which would have prevented a trial. Failing to interpose an objection to entering upon a second trial, he must be held to have waived the right to do so, and must abide the result he invited."

To permit a defendant to sit idly by until he ascertains the strength of the state's case against him, and then permit him, should the state make out a strong case, which he felt be could not overcome, to raise the question of former jeopardy, would be, as remarked by the Kansas court, in the cases cited supra, to "sanction a practice which might be termed trifling with the court."

Therefore, after a careful review of the authorities we are of the opinion that the question of former jeopardy may be raised, where the facts upon which such pleas are based appear of record in the same case, by a plea in bar, or by a motion for discharge of the defendant, or by objecting to entering upon the second trial upon such ground, or in any other appropriate manner by which the matter is called to the attention of the trial court, but that such question must be raised at the first opportunity. In this case, the question not having been raised until the state had concluded its case, it came too late, and the court properly overruled the motion for an instructed verdict.

For the reasons stated, the motion for rehearing is denied.