### No. 9683.

### Bosko et al *v.* The People.

1. Criminal Law—*Former Jeopardy,* must be specially pleaded. The question cannot be raised by a motion for an instructed verdict.

2. INFORMATION—*Irregularity—Waiver.*  Where the District Attorney presents an information as a substitute for one already pending, and the accused, without objection, pleads thereto, he waives all irregularity in. the proceeding and the question of prior jeopardy.

3. ——*Affidavit.*  Where two offenses are charged in the information, supporting affidavit reciting "that the facts set forth in the foregoing information are true and that the *offense* therein charged was committed" *held* to cover both. *Ausmus v. People,* 47 Colo. 165, followed.

*Error to the Pueblo District Court, Hon. S. D. Trimble, Judge.*

Mr. A. T. STEWART, JR., Mr. R. C. MORRIS for plaintiffs in error.

HON. VICTOR E. KEYES, Attorney General; Mr. FORREST C. NORTHCUTT, Assistant, for The People.

Mr. Justice Burke delivered the opinion of the court.

MAY 26, 1919, information No. 16088 was filed in the District Court of Pueblo County.  This information contained a single count of two paragraphs, the first of which charged both of the plaintiffs in error (hereinafter referred to as defendants) with the murder of William T. Hunter; the second charged both with the murder of Elton C. Parks. It was supported by the affidavit of S. E. Thomas reciting: "That the facts set forth in the foregoing are true and that the *offense* therein charged was committed of his own personal knowledge."   May 27, 1919, defendants were arraigned and entered their plea of guilty to this information. Under such circumstances sec. 1624, Rev. Stat., 1908, provides that a jury shall be impaneled "to which shall be submitted, as the sole issue in the case, the question whether the killing was murder of the first or second degree. The jury in every such case shall find the degree thereof, and, if murder of the first degree, shall fix the penalty at

death or imprisonment for life  *  *  *  provided that no person shall suffer the death penalty who, at the time of conviction, was under the age of 18 years; nor shall any person suffer the death penalty who shall have been convicted on circumstantial evidence alone." May 28, 1919, the cause was set for such hearing before a jury, June 5, 1919. On the last mentioned date information No. 16095 was filed. It differs in no particular from the former information except that it is divided into two counts, the first of which charges both defendants with the murder of Hunter; the second charges both with the murder of Parks. The supporting affidavit is the same as that in 16088. When this last information was filed it was substituted for information No. 16088, and thereafter defendants, without objecting to this order of substitution, entered thereto their plea of guilty and the hearing before the jury was proceeded with on information No. 16095.

There was direct evidence of the murder of Hunter, but only circumstantial evidence of the murder of Parks. Defendant Tom Bosko was shown to be under eighteen years of age.

A part of the evidence introduced on behalf of the people, over the objection of defendants, concerned alleged confessions made by them. These confessions were in the form of questions and answers, and their accuracy was testified to by a stenographer who took them in shorthand and extended them in typewriting. These documents, as they appear in the bill of exceptions, contain defendants' witnessed signatures. The stenographer had not seen these signatures affixed and no other witness was called to prove them. At the close of peoples' testimony defendants moved for a directed verdict, on the ground of former jeopardy, which motion was overruled. June 6, 1919, the jury returned verdicts finding George Bosko guilty of murder in the first degree on the first count of the information and fixing the penalty at death; finding the same defendant guilty of murder in the first degree on the second count of the information and fixing the penalty at life imprisonment;

finding Tom Bosko guilty of murder in the first degree on each count, and fixing the penalty in each verdict at life imprisonment. Motions for new trial and in arrest cf judgment having been overruled judgment was pronounced by the court upon the verdicts, and thereafter such further proceedings were had that the cause is now before us for review on error.

Burke, J, after stating the facts as above.

Defendants make three principal contentions which it is necessary to notice here: That they were twice placed in jeopardy; That the affidavit supporting the information under which they were sentenced was insufficient; That evidence of alleged confessions was improperly admitted against them.

FIRST—If there were otherwise any merit in the plea of former jeopardy it was improperly presented and came too late. In this jurisdiction it must be specially pleaded. *Guenther v. People,* 22 Colo. 121-123, 43 Pac. 999. Where such is the rule the question may not be raised, as here, by motion for an instructed verdict. *Territory v. Lobato,* 17 N. M. 666, 134 Pac. 222, L. R. A. 1917A 1226. When defendants entered their plea in No. 16095 and went to hearing thereon before the jury without objecting to the substitution of this information for No. 16088, and without raising the question of former jeopardy, they waived that defense. *Gue v. City of Eugene,* 53 Ore. 282, 100 Pac. 254-256.

SECOND—It is urged that the affidavit supporting the information is insufficient because it is made only as to one offense, whereas the information charges two. This question has heretofore been before us and this identical affidavit held sufficient. *Ausmus and Moon v. People,* 47 Colo. 165-174, 107 Pac. 204.

THIRD—It is urged against defendants' confessions that they were not shown to be voluntary, and even if voluntary were not properly proven.

There is much evidence that these confessions were voluntary and little to the contrary. Upon this evidence they were admitted by the trial court and we see no reason to

disturb that ruling. "The trial judge, on a conflict in the evidence, regarding the voluntary character of the statement purporting to be the confession of the defendant, resolved the question in favor of the people, and its admission under the circumstances, being, to some extent, in the discretion of the court, his action in this respect can not be disturbed when the evidence, as it does in this case, at the time when the motion to withdraw it was interposed, supports the conclusion that the confession was a voluntary one." *Fincher v. People*, 26 Colo. 169-174, 56 Pac. 902. It is contended that these confessions were inadmissible because the signatures thereto were not proven. The absence of such proof is wholly immaterial. They did not depend thereon for their admissibility. Had the signatures been proven the confessions might have been admitted without the testimony of the stenographer. They would then have depended for their admissibility upon the proof of the signatures and been admitted under the rule governing written confessions. In the absence of such proof their admissibility rested entirely upon the evidence of the stenographer who took them. Her testimony is not of the execution of written documents but of oral conversations, supplemented by the transcript of those conversations from her shorthand notes and the presentation thereof to the court, hence the objection is without merit.

Finding no prejudicial error in this record the judgment is affirmed.

It is further ordered that the judgment against George Bosko, entered on the verdict returned in the first count of the information, be executed during the week commencing June 21, 1920.

Allen, J., not **participating.**