[No. 1169.    August 28, 1907.]

TERRITORY OF NEW MEXICO, Appellee, v. ELMER
L. PRICE, Appellant.

SYLLABUS (BY THE COURT).

1. There was no abuse of discretion by the trial court in
refusing the continuance prayed for by the defendant, but
rather under the circumstances, was its course in requiring
trial without delay commendable.

2. A diagram offered in evidence in connection with

Territory v. Price.

and to illustrate the testimony of the witness for the Territory who made it was properly admitted, although there was other evidence for the Territory tending to show that the diagram was incorrect in some particulars.

3. Evidence that the defendant was intoxicated at the time of the homicide with which he was charged, that shortly before he, being a news agent on the train on which the man he killed was conductor, had done certain things which were reported to the conductor and were the subject of the altercation between them which terminated in the shooting of the conductor, embodied circumstances forming a part of the res-gestae and was properly admitted.

4. A reasonable doubt is not a mere possibility of innocence.

5. A proper instruction to the jury on the subject of reasonable doubt, when once given and made applicable to every material allegation against the defendant, need not ordinarily be repeated as a part of other, separate instructions.

6. Evidence was properly admitted that the defendant had in his possession materials with which he could have produced effects on his clothing which he testified were caused by one or more of the shots he fired.

7. An instruction that one cannot invoke the law of self-defense who arms himself with a loaded pistol and seeks, brings on or voluntarily enters into a difficulty with another for the purpose and with the felonious intent of killing him, attacks such other person, his force is met with force in return, and as a part of the same transaction he does shoot and kill his opponent, was sufficiently favorable to the defendant.

8. It is not error to refuse to give an instruction even when it is a correct and appropriate statement of the law, if proper instruction is otherwise given on the question to which it relates.

Appeal from the District Court for Roosevelt County, before W. H. POPE, Associate Justice. Affirmed.

FRANK WILLIS, SAM J. NIXON and CLIFTON J. PRATT, for Appellant.

Sufficient time to arrange properly for his defense and to set up the witnesses that were absent, should be allowed defendant indicted for murder, and continuance should have been granted. Hardin v. State, 40 Texas Crim. Rep. 208; Territory v. Kinney, 2 Pacific 35; State v. Hogan, 22 Kans. 490; Cyc. vol. 9, p. 173, 189, and cases cited in notes; Dowda v. State, 71 Ga. 481; Conly v. People, 80 Ill. 236; Wray v. People, 78 Ill. 212; Brooks v. Com., 100 Ky. 194, 37 S. W. 1043; State v. Horn, 34 La. Ann. 100; Gaines v. State (Crim. 1899), 53 S. W. 623; Mapes v. State, 14 Tex. Appeals, 129; 14 Cen. Dig., title "Criminal Law," sec. 1316; Blakeman. v. State, 76 Ga. 268; North v. People, 28 N. E. 986; State v. Descamp, 41 L. A. Am. 1051; State v. Collins, 81 Am. St. R. 150; 104 La. 629; State v. Lewis, 74 Mo. 222; Miller v. U. S., 57 Pac. 836; State v. Ferris, 16. La. Am. 425; State v. Simpson, 38 La. Am.; State v. Brook, 1 S. Rep. 421.

Hearsay evidence is not admissible even though no better evidence is to be obtained. It is not admissible as secondary evidence; in fact it is no evidence. Reeves v. State, 7th Texas Crim App. Rep. 276; Felder v. State, 5th Southw. Rep. 145; Wharton's Criminal Evidence, 8th ed., secs. 262, 263 and 691; Bowling v. State, 98 Ala. 80; Dodd v. State, 92 Ala. 61; Jackson v. State, 52 Ala. 305; People v. Shattuck, 42 Pacific 315; Graves v. State, 32 Pac. 63; Shields v. State, 49 N. E. 351; Wheeler v. State, 14 Ind. 573; State v. Stubbs, 49 Iowa, 203; State v. Newland, 27 Kans. 764; Corn v. Sanders, 14 Gray 394, 77 Am. Dec. 335; People v. Elco, 94 N. W. 1069; State v. Judd, 20 Mont. 420, 51 Pac. 1033; People v. Finnigan, 1 Par. Cr. (N. Y.) 147; Bundict v. State, (Ohio) 11 N. E. 125; State v. Deal, 41 Or. 437, 70 Pac. 532; Callett v. State, (Cr. Spp. 1901) 61 S. W. 485; Gaines v. State, (Cr. Spp. Texas, 1896) 37 S. W. 331; 14 Cent. Digest tit. Criminal Law, sec. 937; 12 Cyc. 429.

It is not permissible to place the character of defendant in issue unless defendant does so himself. 32 Texas Crim. App. Rep. 88.

A charge "that a reasonable doubt is not a mere possibility of innocence" is error. Territory v. McAndrews,

Territory v. Price.

3 Mont. 158; Amer. and Eng. Ency. of Law, Vol. 9, pp. 737, 738; Vol. 19, pp. 1079 to 1089; Bishop on Criminal Procedure. Vol. 1, pp. 819 and 820.

The law allows self-defense against apparent danger, also if the defendant believes danger really exists. Bishop Crim. Law, vol. 1, pp. 384 and 385; Williams v. State, 103 Ala. 33, 15 So. 662; Spencer v. State, 77 Ga. 155, 3 S. E. 661; Elliott v. People, (Col.) 45 Pac. 404; State v. Dennison, 108 Mo. 541, 18 S. W. 926; State v. Jump, 90 Mo. 171, 2 S. W. 279; Beard v. State, (Cr. App. 1904) 81 S. W. 33; Gatling v. State, (Cr. App. 1903) 76 S. W. 471; Hall v. State, 60 S. W. 269; Hobbs v. State, 16 Texas App. 517; Montgomery v. Com., 92 Va. 833, 37 S. E. 841; 26 Cent. Dig., tit. Homicide, sec. 124; 21 Cyc. 80 and cases cited in the notes; Crews v. People, 120 Ill. 317; Blashfield Ins., Vol. 2, p. 1508, 1515; 21 Cyc. 800 and notes of cases 97; Campbell v. People, 16 Ill. 17; Patton v. People, 18 Mich. 314.

It is error to instruct the jury that a simple assault will not justify the killing of assailant unless it amounts to serious bodily injury. McCampbell v. State, 37 Texas Crim. App. Rep. 607.

In charges on provoking a difficulty it is the duty of the Trial Judge to charge further that if the blamable or wrongful acts of defendant were not intended to produce the occasion or provoke the difficulty then the right of self defense would be complete though the act may not be blameless. McCandless v. State, 42 Texas Crim. Rep. 58; 21 Cyc. 507 and notes.

The admission of evidence which is of a material character, and calculated to influence the jury, if error, is not cured by its subsequent withdrawal from their consideration. Graham and Waterman on New Trials, 612-630; 39 Texas Crim. Rep. 381.

W. C. REID, Attorney General, for Appellee.

The overruling or granting a motion for continuance rests in the sound discretion of the court, not to be interfered with unless the record discloses an abuse thereof. 9 Cyc. 187; Territory v. Gee Dan, 7 N. M. 439.

It is proper to instruct that the 'mere possibility that

the defendant may be innocent will not warrant a verdict of not guilty.' State v. Vansant, 80 Mo. 67.

It is for the jury to determine whether there was in fact imminent danger of the design being accomplished and by so doing they determine whether the defendant had reasonable grounds to believe that such imminent danger was present. Compiled Laws of 1897, sec. 1069; U. S. v. Outerbridge, 5 Sawyer 620.

Homicide is not justified for "a mere simple assault not amounting to great personal injury." Compiled Laws of 1897, sec. 1069, sub-sec. 2; U. S. v. Outerbridge, 5 Sawyer 620; Territory v. Baker, 4 N. M. 266; State v. Shipley, 40 Minn. 223; Harrigan v. Thompson, cases on Self Defense 133-7.

"The general instruction upon reasonable doubt which is usually given need not be repeated in each instruction which relates to the elements of the crime or the facts of the case." Instructions to Juries, Blashfield, sec. 288.

"A man cannot justify the killing of another by his pretense of necessity, unless he was without fault in bringing that necessity upon himself." 25 Am. and Eng. Ency. of Law 266.

### STATEMENT OF FACTS

The appellant, Elmer L. Price, was indicted by a Grand Jury of Roosevelt County, April 4, 1906, for the murder of Frank B. Curtis on March 30, 1906. Curtis on that day was the conductor, and Price the news agent on the passenger train from Amarillo to Roswell, N. M., which was a few hours late, and so running at night instead of by day, as usual. It appeared from undisputed evidence that it was reported to Curtis by passengers that the defendant was drunk, had sent a negro porter to passengers to sell his wares, and had been annoying a lady passenger in a Pullman car on the train; that Curtis remonstrated with him about it, charged him with being drunk, threatened to put him off the train if he did not behave, and that a few minutes later, while on his way through the car where Price was standing between two ordinary car seats on which he had his wares and some other

articles, he stopped, grasped Price by or near the throat, and being much the larger and stronger man, shoved him toward or against the wall of the car, when Price fired three shots from a revolver he had, all of which struck Curtis, who died almost immediately.    There was evidence in behalf of the Territory that as Curtis was passing Price, as above stated, the latter took hold of his arm and partly drew a revolver; that as Curtis immediately turned he put the revolver out of sight; that Curtis was about to pass on when the defendant again took hold of him by the lapel of his coat, when Curtis turned again, something was said between them; he grasped the defendant and a shot was almost instantly fired; that Curtis staggered back and wheeled toward the door of the car; that as he did so another shot was fired; that Curtis passed, staggering, out of the door, which was no more than five or six feet distant, had his hand on the knob of the door of the next car toward which he was stooping or falling, when the defendant, who had stepped from between the car seats into the aisle behind Curtis, fired a shot into his back which passed upward, probably through the heart; whereupon Curtis fell forward through the door, the knob of which he still held, into the next car, uttered two sharp exclamations, and was dead before anyone could reach him. The defendant in his testimony denied that he touched Curtis or did anything as he was passing to attract his attention, and claimed that Curtis, without any provocation stopped, again charged him with intoxication and misconduct, and when he denied it, seized him by the throat, began choking him, jammed him against the side of the car and threatened to smash his brains out.    He said he fired three shots, but denied that he fired any shot into Curtis' back or any shot after Curtis had released his hold and turned away from him.    It happened that W. H. Cox, a deputy sheriff of Roosevelt County, was a passenger on the train and was in the car into which Curtis fell forward after he was shot.    He took the defendant into custody immediately and at Roswell, where the train stopped, detained as witnesses those whose testimony it was thought import-

ant to have, including, so far as appeared, all who saw or heard the shooting.

A regular term of the District Court for said county began two days later, and the defendant was indicted April 4th, put on trial April 7th, and on April 13th, found guilty by a jury of murder in the second degree. A motion for a new trial was denied and he was sentenced to imprisonment in the penitentiary for life.

### OPINION OF THE COURT.

ABBOTT, J.—The first three assignments of error are based on the claim that the defendant was forced to go to trial without time for preparation by counsel and the procurement of witnesses. Counsel for the defendant concede that the applications for continuance were addressed to the discretion of the court, and that only an abuse of that discretion would warrant this court in reversing the Trial Court for its denial of the applications. The case, although of the highest moment, was simple. There was no denial that the defendant killed Curtis, but it was claimed that the homicide was justifiable on the ground of self-defense. The law of that defense is not complicated or unfamiliar. More time could have been needed only to obtain witnesses, but it clearly appeared that as a result of the prompt action of the authorities, all who were on the train and present when the homicide occurred, and indeed all the passengers who could by any reasonable probability have thrown any light on the matter, were present and testified. Delay in all probability would have resulted in less evidence, rather than more, unless the witnesses, most of whom were not residents of New Mexico, had been detained an unreasonable length of time, surely they who were, doubtless were much incommoded by their detention as it was, had some rights which the court was bound to consider. It did not appear, and is not here claimed, that there actually was any evidence in existence which would naturally have led to a result more favorable to the defendant if it had been produced, but it is urged that there may have been such evidence. In view of the course of procedure in criminal cases prevailing in some parts of the Unit-

ed States, it is not very surprising to find that promptness. in bringing on and carrying through a trial in a criminal cause should take on the aspect of abuse of discretion by the judge responsible for it to those who have become accustomed to regard delay, instead of the speedy trial guaranteed by the Constitution, as one of the valued and inalienable rights of the accused. ·It seems clear, however,. that if the object of the trial in the case at bar was not to afford the defendant every chance to escape conviction, but to give to the jury all the circumstances of the homicide that were known to human beings, the best possible time for it was chosen, and the Trial Judge should be commended rather than censured for his course. Territory v. Kinney, 3 N. M. 147; Territory v. Ye Dan, 7 N. M. 439; "Cyc." 9, 167.

The fourth assignment of error relates to the admission in evidence of a diagram made by one of the witnesses, a physician, who had examined the body of Curtis,. and which it is claimed was shown to have been incorrect, if certain other evidence offered by the Territory was true. The diagram was used to illustrate the testimony of the witness and to enable the jury to better understand it. It was not claimed to be absolutely accurate. Its incorrectness, if established, would affect the weight and not the admissibility of the evidence. The entire testimony of that or any other witness might have been incorrect or absolutely false, tested by other evidence in the case, without affecting its admissibility. It is for the jury to decide which of two conflicting statements in evidence they will credit. Jones on Ev., Sec. 414.

The fifth, sixth and seventh assignments of error rest on exceptions taken to the admission of evidence relating to the acts, words and the condition of the defendant shortly before the homicide, and which were made known to Curtis before the altercation between him and the defendant began and were, in part at least, the subjects of that altercation. All those circumstances leading up to and preceding the homicide, within not exceeding an hour as the evidence indicated,· must have been fresh in the mind, and presumably influencing the conduct of Cur-

tis, and the defendant, one or both in the collision between them. Indeed, it was that evidence which disclosed the motive of the reprimand Curtis addressed to the defendant and for the attack he says Curtis made on him which forced him to shoot in self-defense. To that extent the evidence was favorable to the defendant, as without it Curtis's alleged angry aggressiveness toward the defendant would have been inexplicable, and perhaps incredible to the jury.

That the evidence was admitted on other grounds and was in part withdrawn was not reversible error if it was properly admissible on any ground. Jones on Ev., Secs. 138, 353; Hemmingway v. Chicago etc., Ry., 72 Wis. 42.

The admission of evidence that after the arrest of the defendant a knife and matches were found on his person or in his possession is made the basis of the ninth assignment of error. It was admitted for the purpose of accounting for marks on his clothing which he testified were caused by a shot he fired at Curtis. Its admission for that purpose was, we think, proper.

The instruction that a reasonable doubt is not a mere possibility of innocence, which is claimed to have been error, is well grounded in reason and authority. State v. Garrison, 147 Mo. 548; Smith v. People, 152 Mo. 522; Earl v. People, 73 Ill. 329; Blashfield Inst. to Juries 847, 852.

The assignments of error from the 12th to the 25th inclusive, omitting the 19th, which was waived, relate to the right of self-defense and to justifiable homicide, and are based on instructions given and instructions refused. But for the testimony of the defendant that all the shots were fired before Curtis desisted from his assault on him, those questions would hardly have had a place in the case, since the evidence, aside from his, was to the effect that Curtis was killed by a shot fired by the defendant when they were some distance apart, when he was retreating from the defendant with his back toward him, unarmed, and already twice badly wounded. Nevertheless, the instructions on self-defense and justifiable homicide gave the defendant the full benefit of his testimony, and besides, covered in his favor every point discussed in the

brief here submitted in his behalf, with a single exception. On those subjects they were full and complete. So far as the statutes of the Territory deal with them they were followed; and so far as general principles were applied, they were well-founded. We do not think it necessary to consider separately more than the single objection to which we have referred. The instruction which is to the effect that the right of self-defense does not exist for one who purposely induces an attack upon himself in order to be able to kill his assailant under the shield of self-defense is in substance what Blashfield and Hughes recommend in their works on Instructions to Juries, and had the distinct sanction of this court so recently as 1902 in Territory v. Gonzales, 11 N. M. 301, 323; State v. Thomas, 78 Mo. 278; State v. Harper, 142 Mo. 478.

As to the instructions which were refused, it is too well settled to require discussion or citation of authorities; that even when such instructions are correct statements of the law applicable in the case, it is not incumbent on the court to give them if the points involved are otherwise covered by appropriate instructions.

The judgment of the Trial Court is affirmed.