[No. 1729, March 22, 1915.]
## STATE v. VANSICKEL.

### SYLLABUS BY THE COURT.

To warrant killing another in self-defense the danger and
necessity must have been real, or so manifestly apparent as
to create a reasonable belief of present impending peril to
life or limb.                                        P. 192

Appeal from District Court, Quay County; T. D. Leib,
Judge.

Caria Vansickel was convicted of murder in the first
degree, and appeals. Reversed, and new trial awarded.

HENRY SWAN of Tucumcari, REED HOLLOMAN of Santa
Fé and SYNNOTT & UNDERWOOD of Amarilla, Texas, for
appellant.

The court erred in refusing to give requested instruc-
tion eleven to the effect that the danger need not be ac-
tual but may be so manifestly apparent as to create a reas-
onable belief of present impending peril to life or limb.

Wharton on Homicide, 457; Tilley v. State, 5 Am. St.
R. 882; Bonner v. State, 15 S. W. (Tex.) 821; Brumlet
v. State, 57 Am. R. (Tex.) 612; Bell v. State, 20 Tex.
App. 445; State v. Snelbaker, 8 Ohio Dec. (Reprint)
466.; Rowsey v. Com., 76 S. W. (Ky.) 409.

Not having given a proper instruction on the subject it
was error to refuse to give the last mentioned instruction
tendered by appellant.

IRA L. GRIMSHAW, Assistant Attorney General, for the
State.

No error in refusing the eleventh requested instruction.
The court instructed the jury on self-defense. The given
instruction was approved in Territory v. Gonzales, 11 N.
M. 301.

In Territory v. Baker, 4 N. M. 236, the doctrine of ap-
parent design was recognized. To same effect is Wharton
on Homicide, secs. 223, 225, 226 and 227; 2 Brick-Sack.
Insts. secs. 3109, 3110, 3111; 2 Thomp. Trials, secs. 2160
to 2172, inclusive.

The court's instruction on apparent design followed the
statute.

Sec. 1069, C. L. 1897; 2 Michie on. Homicide, 1559.

Unless the court's own instruction can be construed as
having advised the jury as to apparent design and danger,
the court erred in refusing the requested instruction.

## OPINION OF THE COURT.

HANNA,, J.—Appellant was indicted by a grand jury of the county of Quay, state of New Mexico, charged with the murder of one Dudley Anderson. A trial resulted in a verdict of murder in the first degree, from which verdict and judgment of the district court this appeal is sued out.

Numerous assignments of error have been made, but most of them have reference to the admission or rejection of testimony and the giving or refusal to give instructions, and are based upon conditions and facts not llkeiy to again arise in the retrial of this case, which we find it necessary to award. We therefore deem it necessary to consider but one assignment of error, which is predicated upon the refusal of the court to given to the jury requested instruction No. 11, which is as follows:

"The court instructs the jury that the real issue raised in this case by the plea of self-defense is whether, at the time the fatal shot was fired, the defendant believed, and had reasonable grounds to believe, that he was in imminent danger of death or great bodily harm, and it is not necessary that you find the defendant to have been in actual danger at the time he fired; but if you find from the evidence that he was in apparent danger of death or great bodily harm at the time he fired the fatal shot, then his act was justifiable, and in determining whether or not the defendant was in apparent danger you are to view the circumstances at the time as they appeared to him situated as he was at the time."

As to this contention it is our opinion that Mr. Wharton, in his work on Homicide (3d Ed. § 226), correctly states the law in the following language:

"It is the apparent, and not the real, necessity to kill in self-defense against death or great bodily harm, which controls on the question of justification; in such cases one has the right to act on the reasonable appearance of things."

This principle of law is supported by the great weight of authority, and numerous cases are cited by the author in a note to the text. It would therefore seem quite apparent that error had been committed in the refusal to give this instruction, unless the instructions given by the court were sufficiently definite and certain with respect to the element of danger existing as the same appeared to the defendant acting as a reasonable man. The court did give an instruction which apparently attempted to cover this element of the case, his instruction being as follows:

"In this case the defendant admits killing the said Dudley Anderson, but attempts to justify his act on the ground that it was done in self-defense. As to this defense you are instructed that before any one can avail themselves of the plea of self-defense, and justify himself for the killing of another, it must appear from the evidence that there was reasonable ground on his part to apprehend the design on the part of his assailant to do him great personal injury. It must appear that at the very time he inflicted the injury which he claims was done in self-defense that there was imminent danger of his assailant doing him great personal injury, and that he then honestly believed that he was in imminent danger of receiving from his assailant some great personal injury, and that his assailant was in a position and had the ability then and there to do him great personal injury, and that the facts and circumstances were at the time sufficient to convince him that he was in imminent danger of receiving great personal injury from his assailant."

But it is to be noted from the foregoing instruction that the court said:

"It must appear that at the very time that he inflicted the injury which he claims was done in self-defense that there was imminent danger of his assailant doing him personal injury."

This portion of the instruction, which is not modified or explained by any other portion of the instruction, would seem to import that the danger under which the defendant was laboring was an actual, existing danger, and not necessarily one that was only apparent under the conditions and circumstances as they appeared to the defendant at the time. This vice inhering in the instruction may be said to be more clearly indicated also by a subsequent portion of the instruction, wherein the court said "that his assailant was in a position and had the ability then and there to do him great personal injury," which would seem to indicate that the court had in mind that actual danger must be existent in order to justify the defendant under his plea of self-defense. Although as to the latter argument it is perhaps to be said that the court might have had in mind that this statement was a qualification of what had been previously incorporated in his instruction as to the honesty of his belief as to imminent danger and the ability of the deceased to do him great personal injury.

However, it seems conclusive to us that the jury was not sufficiently instructed as to the distinction between actual and apparent danger. It is well settlel that, to warrant killing another in self-defense, the danger and necessity must have been real, or so manifestly apparent as to create a reasonable belief of present impending peril to life or limb. Wharton on Homicide (3d Ed.) §§ 226 and 230.

While believing that other errors have been pointed out in the brief of appellant, we think it is so improbable that the questions will be presented in such a manner on the retrial of this cause as to again raise the same questions, should this case be again brought to this court, that we do not feel disposed to pass upon the alleged errors referred to.

Our conclusion upon the assignment of error herein discussed necessitates the reversal of the judgment of the district court, and to award him a new trial; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.