**46 P.(2d) 49**

**STATE v. SIMPSON.**

No. 4038.

Supreme Court of New Mexico.

March 4, 1935.

Rehearing Denied July 3, 1935.

See, also, 37 N. M. 453, 24 P.(2d) 291.

O. O. Askren, of Roswell, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

WATSON, Justice.

Appellant was informed against in Lea county for murder in the first degree. The venue was changed to Eddy county, where he was convicted of voluntary manslaughter.

The sole contention is that there was no evidence in the case to warrant the submission of the grade of homicide of which appellant was convicted. The brief carefully abstracts all the evidence with a view to disclosing that, unless the theory of self-defense were to prevail, it shows the appellant guilty of murder, and shows him not guilty of voluntary manslaughter.

First and second degree murder were submitted over the objections of appellant's counsel. To the submission of voluntary manslaughter counsel stated, on inquiry by the judge, that there was no objection. The state contends that this should preclude reliance on any error in this submission. It urges that State v. Diaz, 36 N. M. 284, 13 P.(2d) 883, controls only the case of failure to object, not the case of express consent.

That contention of the state we need not pass upon, in view of our conclusion on

the main question. We deem it wise, however, to point out that it would be unfortunate if the profession were generally to overlook that the final somewhat unsatisfactory conclusion in the Diaz Case was reached upon lines of decision more or less conflicting and upon peculiar statutes; that, in pursuance of the rule making power (Laws 1933, c. 84), this court has revised the statutes on instructions to juries, effective July 1, 1934; and that the rule now is: "For the preservation of any error in the charge, objection must be made or exception taken to any instruction given; or, in case of a failure to instruct on any point of law, a correct instruction must be tendered, before retirement of the jury. Reasonable opportunity shall be afforded counsel so to object, except or tender instructions." Comp. St. 1929, § 70-108, as amended by court rule of procedure (see 38 N. M. p. xvii).

In order to determine whether the evidence in this case warranted the submission of voluntary manslaughter, we need not refer to the evidence on the part of the state. It would undoubtedly have sustained a conviction of murder.

■ The appellant, however, claimed to have fired in self-defense. He testified that the deceased was advancing upon him with a drawn knife, and that he (appellant) "shot to protect himself from the knife," and only after warning the deceased to cease his attack.

Thus was put into the case the theory that appellant acted in fear or terror of being killed or done great bodily harm. The jury's refusal to acquit does not disclose a rejection of this claim. Before justifying the homicide, they must appraise the circumstances as warranting an ordinarily prudent and courageous person in entertaining such apprehension and in acting upon it.

The verdict rendered really discloses an acceptance of this theory, put into the case by appellant's own testimony. Rejection of the plea of self-defense left an unlawful homicide, to be named and punished as murder if committed in malice, and as voluntary manslaughter if committed in heat of passion.

• The jury was directed in substance to inquire into the presence of a sufficient provocation to excite in appellant's mind such an emotion as terror, to an extent to obscure reason and exclude malice. And it was directed that a reasonable doubt whether the homicide, if found to be unlawful, was murder or manslaughter, should be resolved against the former.

The verdict thus represents the conclusion that the provocation for terror was not sufficient to justify the killing, but was sufficient to raise a reasonable doubt that appellant slew in malice.

■ The leading case expounding the doctrine in this jurisdiction is State v. Kidd, 24 N. M. 572, 175 P. 772, 774. In that case there was mention of a special provocation for terror, additional to the mere physical circumstances. We do not understand, however, that the doctrine ex-

hausted itself on the facts of that case. It has been applied in cases where there was no such special provocation. Cf. State v. Diaz, 36 N. M. 284, 13 P.(2d) 883. State v. Davis, 36 N. M. 308, 14 P.(2d) 267.

This court, in accepting this doctrine as to provocation for heat of passion, did not fail to appreciate that many close questions would be presented. We said: "The line of demarcation between a homicide which amounts to voluntary manslaughter and one which amounts to justifiable homicide in self-defense, is not always clearly defined and depends upon the facts of each case as it arises. Those facts are for the jury, under instructions from the court, laying down the principles of law governing the same, as was done in this case."

So long as the doctrine of State v. Kidd persists, it will be generally true that evidence requiring submission of self-defense will call for a submission of voluntary manslaughter. We have one instance to the contrary. State v. Luttrell, 28 N. M. 393, 212 P. 739. There the defendant, though claiming that he was in a situation of peril which justified the slaying, persisted in saying that he was "calm and cool" at the time, being "by nature so disposed." Luttrell having assigned error upon a failure to submit voluntary manslaughter, this court in effect said that the trial court did not err in taking him at his word. It does not follow that it would have been error to refuse to take him at his word and to have submitted voluntary manslaughter over his objection.

At the oral argument counsel for appellant advanced the view, though he did not greatly develop it, that terror is not such form of heat of passion as may exclude malice, and that the Kidd decision is in that respect unsound and should be overruled.

That decision was well considered. It plants itself upon reason and authority. It has stood as the law since 1917. It has been followed in a number of important cases. We see no good reason for, and many against, reopening the question.

The judgment will be affirmed. It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.