107 P.2d 319

### STATE v. PLUMMER.

No. 4566.

Supreme Court of New Mexico.

Oct. 23, 1940.

J. Lewis Clark, of Estancia, for appellant.

Filo M. Sedillo, Atty. Gen., and Fred J. Federici, Asst. Atty. Gen., for appellee.

ZINN, Justice.

The defendant (appellant here) was charged with the murder of Tomas Sanchez. He waived preliminary hearing and was bound over to the district court. He was thereafter arraigned upon an information filed charging him with the crime of murder and plead not guilty.

On the day after his arraignment the defendant filed a motion for continuance on the ground that he had insufficient time to prepare his defense and was unable to ascertain the residences of the State's witnesses. The motion was heard by the court and overruled, to which action of the court the defendant excepted.

He went to trial on the charge before a jury which returned a verdict of guilty

of manslaughter. He was sentenced by the court to not less than three, nor more than four years in the penitentiary. After the verdict and before sentence, the defendant filed a motion in arrest of judgment and verdict, which motion was overruled. The defendant duly objected and excepted to such ruling. This appeal followed.

Two questions are raised on appeal. The first is predicated on the court's action in denying the motion for continuance. The second on the action of the court in overruling the defendant's motion in arrest of judgment.

As to the first point raised, we note from the record that the crime was committed on September 23, 1939. On the same day he was arrested. He was charged with murder before a Justice of the Peace on September 25, 1939, in which court he waived preliminary hearing. On October 9, 1939, the information against the defendant was filed. On this information there are endorsed the names of the State's witnesses. Trial of the cause was commenced on October 18, 1939, being nine days after the filing of the information and twenty-three days after the preliminary hearing.

■ In his motion for continuance, the defendant first claims that he had insufficient time to prepare his defense to the charge because the respective residences of the State's witnesses were to him unknown; and that he was unable with due diligence to ascertain the residence of said witnesses.

The defendant had ample opportunity, long before the trial, to ascertain the residence of the State's witnesses. His first opportunity was at the preliminary hearing before the Justice of the Peace. In the absence of the waiver by the defendant of his preliminary hearing the State probably would have called its principal witnesses to testify. At that time the defendant or his counsel, by cross-examination, or otherwise, could have ascertained the residence of at least the witnesses at such hearing, and probably the place of residence of all other witnesses. The second opportunity was through the district attorney or the county sheriff. These officials undoubtedly knew the residence of these witnesses. There is no showing that the defendant or his counsel at any time tried to obtain this information from these officials. The motion for continuance was filed on October 10th and heard by the court on October 13th. On that date the defendant could have requested that the court order these officials to disclose the residence of these witnesses, if they knew their whereabouts. None of these things were done.

■ As to the merit of defendant's general allegation in his motion for continuance to the effect that he had "insufficient time to otherwise prepare his defense to this charge", and upon which general allegation he asked that the case be continued to the next term of court, we are unimpressed. No showing is made by the de-

fendant that twenty-three days was an insufficient time to prepare a defense. No showing is made of injury or prejudice to the defendant. Under the circumstances presented to us in this case we cannot say that the trial court did abuse its discretion in overruling or denying defendant's motion for continuance.

■ We have repeatedly held that the granting or denying of a motion for continuance is within the discretion of the trial court, and unless such discretion has been abused to the injury of the defendant, the denial of such motion will not constitute error. Territory v. Emilio, 14 N.M. 147, 89 P. 239; Territory v. Price, 14 N.M. 262, 91 P. 733; Territory v. Lobato, 17 N. M. 666, 134 P. 222, L.R.A.1917A, 1226; State v. Pruett, 22 N.M. 223, 160 P. 362, L.R.A.1918A, 656; State v. Starr, 24 N.M. 180, 173 P. 674; State v. Garcia, 26 N.M. 70, 188 P. 1104; State v. Kelly, 27 N.M. 412, 202 P. 524, 21 A.L.R. 156; State v. Renner, 34 N.M. 154, 279 P. 66; State v. Romero, 34 N.M. 494, 285 P. 497; and State v. Burrus, 38 N.M. 462, 35 P.2d 285.

As to the second claim of error, the record shows that the trial court instructed the jury on murder in the first degree, murder in the second degree and voluntary manslaughter. The defendant's theory of the homicide being self-defense, the court properly instructed the jury on the law of self-defense.

The record shows that on cross-examination, the defendant testified as follows:

"Q. I believe you testified a while ago you were scared and you thought they were going to do something to you? A. I did. I had no right to think anything else."

The jury had the right to believe or disbelieve any part of the evidence. The jury did not see fit to accept the theory of the State either as to murder in the first degree or murder in the second degree. Likewise, the jury apparently did not see fit to accept the defendant's theory of self-defense. It apparently preferred to believe that the defendant committed the homicide while he was in a state of terror.

■ Ever since the case of State v. Kidd, 24 N.M. 572, 175 P. 772, this court has in substance held that ordinarily evidence requiring a submission to the jury of an accused's plea of self-defense will call for a submission of voluntary manslaughter. According to the Kidd case, all that is required to reduce a homicide from murder to voluntary manslaughter is sufficient provocation to excite in the mind of the defendant such emotions as either anger, rage, sudden resentment, or terror as may be sufficient to obscure the reason of an ordinary man, and to prevent deliberation and premeditation, to exclude malice, and to render the defendant incapable of cool reflection.

The doctrine of heat of passion engendered by terror, first expounded in the Kidd case, has been followed by this Court in State v. Diaz, 36 N.M. 284, 13 P.2d 883; State v. Davis, 36 N.M. 308, 14 P.2d 267;

State v. Layman, 39 N.M. 127, 42 P.2d 201; State v. Simpson, 39 N.M. 271, 46 P.2d 49; State v. Inman, 41 N.M. 424, 70 P.2d 152; State v. Vargas, 42 N.M. 1, 74 P.2d 62.

In the case of State v. Simpson, supra [39 N.M. 271, 46 P.2d 50], in holding that evidence sufficient to sustain a verdict of voluntary manslaughter, we said: "So long as the doctrine of State v. Kidd persists, it will be generally true that evidence requiring submission of self-defense will call for a submission of voluntary manslaughter."

In the Simpson case, supra, in discussing the testimony, we stated:

"The appellant, however, claimed to have fired in self-defense. He testified that the deceased was advancing upon him with a drawn knife, and that he (appellant) 'shot to protect himself from the knife,' and only after warning the deceased to cease his attack.

"Thus was put into the case the theory that appellant acted in fear or terror of being killed or done great bodily harm. The jury's refusal to acquit does not disclose a rejection of this claim. Before justifying the homicide, they must appraise the circumstances as warranting an ordinarily prudent and courageous person in entertaining such apprehension and in acting upon it."

And finally in the Simpson case we held: "The verdict thus represents the conclusion that the provocation for terror was not sufficient to justify the killing, but was sufficient to raise a reasonable doubt that appellant slew in malice."

We believe the situation here is parallel.

We can see no reason at this time for withdrawing from the stand taken by us in the Kidd case and those later cases which follow the theory therein enunciated. Believing as we do, we find no error in the trial court's action in denying the defendant's motion in arrest of judgment. Out of his own mouth came the words showing that he acted in fear or terror of bodily harm.

For the reasons given the judgment of the district court will be affirmed.

It is so ordered.

BICKLEY, C. J., and BRICE, SADLER, and MABRY, JJ., concur.