128 P.2d 459

## STATE v. GARCIA.

### No. 4603.

Supreme Court of New Mexico.

May 29, 1942.

Rehearing Denied Aug. 25, 1942.

H. A. Kiker and Manuel A. Sanchez, both of Santa Fe, for appellant.

Edward P. Chase, Atty. Gen., and Howard F. Houk, Asst. Atty. Gen., for appellee.

M. E. Noble, Dist. Atty., and E. R. Cooper, Asst. Dist. Atty., both of Las Vegas, amici curiae on behalf of appellee.

ZINN, Justice.

Appellant was convicted of murder in the first degree. The jury by its verdict fixed punishment at life imprisonment and the court sentenced the appellant accordingly. This appeal followed.

The state appears before us through its Attorney General and his assistants. By permission of the Attorney General the Hon. M. E. Noble, District Attorney of the Fourth Judicial District and his assistant, the Hon. E. R. Cooper, who prosecuted the case below, appear Amicae Curiae.

The major contention of the appellant, represented by very able counsel in this Court, who in fairness to them it should be said did not appear below, is that there is fundamental error in the instructions because the court either improperly instructed the jury or else the instructions as given confused the jury. The appellant also contends that the evidence adduced at the trial did not justify the court instructing the jury as to murder in the first degree. At the trial the appellant interposed no objections to the instructions as given nor did he request that any instructions be given.

Counsel for appellant argues that it seems to have been the law at the time of the adoption of our State Constitution, which law is reviewed in the case of State v. Diaz, 36 N.M. 284, 13 P.2d 883, and followed in the case of State v. Hall, 40 N.M. 128, 55 P.2d 740, 741, that the defendant in a homicide case not only had the right of trial by jury, but that he had the right to,

have the jury instructed by the court as to the various degrees of homicide within the evidence, and that these rights must and ought to be accorded an accused without request on his part. Therefore, so argues the appellant, the right to have proper instructions given in a homicide case without request is not purely a procedural matter but is a substantive right. Although in the case of State v. Hall, supra, we said: " * * * but rule No. 70-108 in its application to instructions on murder falls in a different class, and *effects a change in the rule of procedure * * *.*" (Italics ours) Yet we do not have to determine in this case whether the right to have the jury instructed properly on the law of the case be a substantive right or not. That it is a right, whether substantive or adjective, cannot be questioned. Nevertheless it is a right that an accused may waive.

█ It is not a right guaranteed by the Constitution of New Mexico as is the right of trial by jury. As to the right of trial by jury we recently held in the case of State v. Hernandez, 46 N.M. 134, 123 P.2d 387, opinion handed down March 9, 1942, as follows: "The question raised is one of great importance in the field of criminal law enforcement. The right of an accused to a trial by jury is deeply imbedded in our jurisprudence and is not to be lightly held the subject of waiver. But if the right to it be merely a privilege, albeit a high one, and such privilege may be waived without weakening or undermining the right, then it is the accused's, to enjoy

or not as he may elect." And we also there said:

"The matter was finally put at rest in the case of Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263, in an able and extended opinion written by Mr. Justice Sutherland. The right to waive a jury even in the case of felonies is sustained. The argument often advanced that public policy forbids such waiver is exploded. The anomaly of permitting a defendant to plead guilty and thus dispense with a trial altogether and of denying him the right under a plea of not guilty to waive a jury and submit to trial before the court is banished.

"Had the Patton decision preceded the Ortiz case [Territory v. Ortiz, 8 N.M. 154, 42 P. 87] before our territorial court, the right to waive jury even in the trial of a felony would not have been denied. The right of waiver with the safeguards thrown around its exercise in felony cases, as outlined in the concluding paragraph of the opinion in the Patton case, would seem more consonant with reason, justice and the orderly dispatch of judicial business than the conclusion reached in the Ortiz case."

If an accused in a felony case may waive trial by jury, a right guaranteed by our Constitution, and unquestionably a substantive right, it would clearly be inconsistent with sound reasoning to say that a person standing trial in a homicide case may not waive instructions to the jury on the law of the case.

The rule we laid down in the Diaz case, supra, does not apply to the instant case. The Diaz case has been superceded by Rule 70–108 of the Rules of Pleading and Practice.

Rule 70–108, which became effective July 1, 1934, was in force at the time of the trial in this case. This rule provided as follows: "For the preservation of any error in the charge, objection must be made or exception taken to any instruction given; or, in case of a failure to instruct on any point of law, a correct instruction must be tendered, before retirement of the jury. Reasonable opportunity shall be afforded counsel so to object, except or tender instructions."

Rule 70–108 is applicable to cases wherein the defendant is charged with homicide as well as upon any other charge. In State v. Diaz, supra, we held that the trial court was under a duty to correctly instruct on the law of murder in all degrees submitted and that failure of the trial court to so instruct was fundamental error which could be urged for the first time on appeal.

In State v. Diaz [36 N.M. 284, 13 P.2d 887], speaking through Mr. Justice Watson, after reviewing the authorities on the particular point, we said: "On further consideration, we conclude otherwise. As the result of former decisions, the matter stands thus on authority: Ordinarily, instructions given are the law of the case, and cannot be complained of unless the accused objected to those given, or requested others. This applies to a failure to submit involuntary manslaughter. But,

the erroneous failure to submit second degree murder or voluntary manslaughter will require a new trial, even though the accused has not objected in any way to the omission. While this result may not be entirely logical, it is not entirely without reasonable support, and it spares us the necessity of overruling former decisions." This decision was handed down Aug. 25, 1932.

The opinion in the Diaz case was written by Justice Watson and concurred in by Chief Justice Bickley and Justices Sadler and Hudspeth.

Approximately two years later, on July 1, 1934, this court adopted Rule 70–108. When Rule 70–108 was adopted, the court consisted of Chief Justice Watson and Justices Sadler, Hudspeth, Bickley and the writer of this opinion.

Then came the case of State v. Simpson, 39 N.M. 271, 46 P.2d 49, handed down May 17, 1935. This was a first degree murder case. Speaking again through Mr. Justice Watson, we believe we made it clear that the purpose of Rule 70–108 was to supersede the rule in the Diaz case.

The opinion in the Simpson case was written by Mr. Justice Watson and was concurred in by Mr. Chief Justice Sadler, and Justices Hudspeth and Bickley and the writer of this opinion.

In the Simpson case, supra, we said: "We deem it wise, however, to point out that it would be unfortunate if the profession were generally to overlook that the

final somewhat unsatisfactory conclusion in the Diaz case was reached upon lines of decision more or less conflicting and upon peculiar statutes; that, in pursuance of the rule making power (Laws 1933, c. 84), this court has revised the statutes on instructions to juries, effective July 1, 1934; and that the rule now is: * * *." (Then follows a quotation of Rule 70–108)

In the Simpson case, the above statement was made in order to clarify any misunderstanding that may have arisen from the opinion in the Diaz case and to point out to the profession that Rule 70–108 made the Diaz case on this point no longer effective.

The question was again presented to this court in the case of State v. Hall, supra. In the Hall case no objection had been made to the instructions given by the trial court. Appellant contended that the trial court committed fundamental error in the instruction on murder, relying on the Diaz case, supra. In the Hall case, decided December 24, 1935, speaking through Mr. Justice Hudspeth, we held Rule 70–108 not applicable because it became effective while the Hall case was pending, yet we did say: "Many of the rules effective July 1, 1934, are merely restatements of rules of court or statutes, but rule No. 70–108 in its application to instructions on murder falls in a different class, and effects a change in the rule of procedure in force at the time of its adoption. State v. Simpson, 39 N.M. 271, 46 P.2d 49."

We applied the rule of the Diaz case to the Hall case because Rule 70–108 fell within the prohibition of N.M.Const. Art. 4, Sec. 34. The opinion in the case of State v. Hall, supra, was written by Mr. Justice Hudspeth and concurred in by Chief Justice Sadler, Justice Bickley and the writer of this opinion.

The purpose of setting forth in this opinion the names of the members of this court who participated in the authorities cited herein is to demonstrate that a majority of the court as presently constituted also participated in the adoption of Rule 70–108 and clearly remember that the purpose of adopting Rule 70–108 was to establish once and for all a rule contrary to the unsatisfactory conclusion reached in the Diaz case. We now hold that the right that an accused has to have a jury instructed on the law of the case is controlled by Rule 70–108 and not by the Diaz case.

The appellant in this case did not object to the instructions given nor did he tender any to the court with a request that they be given to the jury. He stood silently by while the instructions of the court were given. It will of necessity be deemed that he acquiesced in the instructions given and cannot be heard to complain in this court for the first time on appeal.

Timely objections to improper instructions must be made or error, if any, will be regarded as waived in every case. The rule is well stated in 23 C.J.S. Criminal

Law § 1341, p. 1000, as follows: "Where an improper instruction is given, or a correct instruction is improperly refused, accused, if prejudiced thereby, has a right to object and to save an exception thereto, and, generally, it is not only the right but also the duty of accused to raise the objection if he wishes to take advantage thereof. Accordingly, where accused, having a right and an opportunity to object or take an exception, fails to do so at a proper time, as explained infra § 1342, and in a proper manner, he will be regarded as having waived the objection, and cannot afterward complain of the court's failure or refusal to give a proper instruction, or of an improper or inaccurate instruction which it has given, unless the objection is jurisdictional or fundamental in character."

We have examined the case before us to see if fundamental error was committed under the theory enunciated by this court in the cases of State v. Garcia, 19 N.M. 414, 420, 143 P. 1012; Gonzales v. Rivera, 37 N.M. 562, 25 P.2d 802, and possibly others.

In the case of State v. Garcia, supra [19 N.M. 414, 143 P. 1014], speaking through Mr. Justice Parker, we laid down the rule of "fundamental error," to be as follows:

"There exists in every court, however, an inherent power to see that a man's fundamental rights are protected in every case. Where a man's fundamental rights have been violated, while he may be precluded by the terms of the statute or the rules of appellate procedure from insisting in this court upon relief from the same, this court has the power, in its discretion, to relieve him and to see that injustice is not done.

"The restrictions of the statute apply to the parties, not to this court. This court, of course, will exercise this discretion very guardedly, and only where some fundamental right has been invaded, and never in aid of strictly legal, technical, or unsubstantial claims, nor will we consider the weight of evidence if any substantial evidence was submitted to support the verdict. If substantial justice has been done, parties must have duly taken and preserved exceptions in the lower court to the invasion of their legal right before we will notice them here. But in this case justice has not been done. A man has been convicted and sentenced to imprisonment for a term of years where there is, not only no evidence to support the verdict, but where the evidence conclusively established his innocence. Under such circumstances we cannot permit such an injustice to be done. For a similar case, and a similar holding, see Sykes v. United States [8 Cir.], 204 F. 909, per Sanborn, Circuit Judge."

In the case of Gonzales v. Rivera, supra [37 N.M. 562, 25 P.2d 805], we said: "Ordinarily this court is content to examine the points here relied upon for reversal, if properly preserved at the trial, sustaining or overruling them. That is all appellants are entitled to as of right. But that does

not limit the inherent power of this court to prevent fundamental injustice."

■ Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive. Each case will of necessity, under such a rule, stand on its own merits. Out of the facts in each case will arise the law. Also, there may be such a case, as the Garcia case, supra, which would so shock the conscience of the court as to call for a reversal. When such a case is presented the court on its own motion would cut through all rules of appellate practice and procedure to insure justice.

■ In the instant case the evidence supports the verdict. The appellant had a trial before a jury of his peers and before an able, capable and conscientious Judge. He was ably represented by counsel. There is no fundamental error.

■ Appellant also assigns as error the trial court's action in overruling appellant's motion for new trial. The court did not err in overruling defendant's motion for a new trial. Motions for a new trial are addressed to the sound discretion of the court and are not reviewable except for manifest abuse of discretion.

■ The main portion of the motion for new trial is based on what might be considered an offer of new evidence not presented at the trial. The appellant knew of this evidence at the trial and the reason given for not presenting such testimony is insufficient. There was no abuse of discretion. See State v. Romero, 42 N.M. 364, 78 P.2d 1112.

■ The appellant also contends that the court erred in permitting the District Attorney to interrogate the appellant on cross-examination with reference to some dynamite caps. The error was cured.

The testimony was stricken by the court when objection was made. When the objectionable part of the testimony was withdrawn from consideration of the jury the error in its admission, if error it was, was cured.

Finding no error, the judgment of the trial court will be affirmed.

It is so ordered.

BRICE, C. J., and SADLER, MABRY, and BICKLEY, JJ., concur.