429 P.2d 353

STATE of New Mexico, Plaintiff-Appellee,

v.

Albert NIETO, Jr., Defendant-Appellant.

No. 8215.

Supreme Court of New Mexico.

June 19, 1967.

**156**

Montoya & Montoya, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Edward R. Pearson, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENSLEY, Chief Judge, Court of Appeals.

Albert Nieto, Jr., was accused by indictment with having sold marijuana in violation of § 54–7–14, N.M.S.A.1953. Following a verdict of guilty and pronouncement of sentence the defendant brings this appeal.

The single ground relied upon for reversal is that the denial of the appellant's request for a continuance constituted an abuse of discretion by the trial court and deprived the appellant of his liberty without due process of law.

The facts pertinent to the issue to be determined here may be briefly summarized. The indictment was returned by the Grand Jury on October 22, 1965. The defendant was arraigned on the following day and entered a plea of not guilty. At the time of the arraignment the defendant advised the court that he would attempt to employ counsel. Later the defendant requested the court to appoint counsel for him and this was done on November 8, 1965. On December 2, 1965, the trial court entered an order setting the case for trial on January 10, 1966. On January 7, 1966, at the request of the defendant, the court appointed attorney withdrew from the case. The trial date was then changed to January 24, 1966. On January 18, 1966, the defendant employed counsel of his own choice. On January 21, 1966, the retained counsel requested a continuance on the ground that he needed additional time in which to prepare for trial. A refusal of this request was communicated by the court to counsel on January 22, 1966. A Bill of Particulars had been filed by the district attorney on December 9, 1965, and on December 17, 1965, the names of the state's six witnesses were endorsed on the indictment. On the day of trial the defendant again orally requested a continuance on the same ground as previously urged. The request was again refused.

■ There has been little change in the applicable rule since the case of Territory v. Yee Dan, 7 N.M. 439, 37 P. 1101, where this court held that a ruling on a motion for continuance rests within the sound discretion of the court and will not be interfered with unless the record shows an abuse of such discretion. This rule was repeated in Territory v. Price, 14 N.M. 262, 91 P. 733.

In that case the following statement was made by this court:

"\* \* \* In view of the course of procedure in criminal cases prevailing in some parts of the United States, it is not very surprising to find that promptness in bringing on and carrying through a trial in a criminal cause should take on the aspect of abuse of discretion by the judge responsible for it to those who have become accustomed to regard delay, instead of the speedy trial guaranteed by the Constitution, as one of the valued and inalienable rights of the accused. \* \* \*"

In Territory v. Lobato, 17 N.M. 666, 134 P. 222, aff'd 242 U.S. 199, 37 S.Ct. 107, 61 L.Ed. 244, the rule was expressed that not only must there be shown an abuse of discretion, but it must also have been to the injury of the defendant. This was repeated in State v. Starr, 24 N.M. 180, 173 P. 674; State v. Renner, 34 N.M. 154, 279 P. 66; State v. Plummer, 44 N.M. 614, 107 P.2d 319; State v. Fernandez, 56 N.M. 689, 248 P.2d 679; State v. Sanchez, 58 N.M. 77, 265 P.2d 684. See also Leino v. United States, 338 F.2d 154 (10th Cir. 1964).

■■ The appellant in this court urges that his right to effective counsel was taken from him by the refusal to grant the continuance requested. It is argued that this is a denial of procedural due process. In the trial court it was contended that a continuance was necessary to obtain the services of a handwriting expert. A careful examination of the testimony shows that defense counsel attached considerable significance to the state's exhibits upon which the initials of one of the state's witnesses appeared. Presumably the theory of the defendant was that this was a forgery. Further, it was contended that defense counsel being a member of the Legislature which was then in session, needed additional time to devote to preparation for trial. We will not attempt to establish a formula of how many days are required to adequately prepare for the defense of any specific charge. The nature of the offense, the number of witnesses, and the skill of the attorney are all variables to be taken into consideration in each case. With sympathetic concern for the rights of the accused, and mindful that the search for truth deserves adequate time and opportunity, we have carefully reviewed the entire record. We conclude that the trial court did not abuse its discretion. Defense counsel had obviously become thoroughly familiar with the background of the state's witnesses and the subject of the controversy. He was also ably assisted by another member of his firm whose attention was not diverted by legislative duties. In any event the motions for continuance did not comply with § 21–8–7, N.M.S.A.1953. The refusal to grant a continuance caused no injury to the defendant.

The conviction appealed from will be affirmed.

It is so ordered.

NOBLE and CARMODY, JJ., concur.