608 P.2d 169

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Lorenzo NAJAR, Defendant-Appellant.**

**No. 4107.**

Court of Appeals of New Mexico.

Feb. 19, 1980.

William H. Lazar, Espanola, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Frank A. Murray, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of second degree murder. Issues listed in the

docketing statement, but not briefed, were abandoned. *State v. Gallegos*, 92 N.M. 336, 587 P.2d 1347 (Ct.App.1978). We discuss: (1) issues not included in the docketing statement; (2) requested defense instructions; and (3) the trial court's duty to instruct in a criminal case, absent a request to instruct.

The party began at the residence of Victor Baca. During that party, Michael Fuentes and Vincent Baca had a fight. Michael left.

The party moved to defendant's house. Michael returned to the party with his brother Jerry and his father, Domingo Fuentes. An altercation occurred between these three and Victor and Vincent Baca. During this altercation some shooting occurred. There is testimony that Victor shot Domingo in the leg and that Domingo shot Victor in the leg. This altercation occurred outside defendant's house. Defendant was not present during the Baca-Fuentes altercation; he was inside the house.

After the initial shootings, defendant came out of his house with a gun. The evidence as to his activities will be referred to subsequently. However, it is undisputed that defendant fired his gun. A permissible inference from the evidence is that a bullet from defendant's gun struck, and killed, Jerry Fuentes.

*Issues Not Included in the Docketing Statement*

■ Defendant requested instructions concerning defense of habitation, self-defense, defense of another and the right to stand one's ground. See U.J.I. Crim. 41.40, 41.41, 41.42 and 41.60. Defendant's brief argues that the trial court erred in refusing each of these requested instructions.

Defendant's docketing statement, prepared by the trial attorney, asserts the trial court erred in refusing two of the requested instructions—on self-defense and defense of habitation. The docketing statement does not complain of the refusal to instruct on defense of another and the right to stand one's ground. The appellate attorney thus asserts error in the refusal of two instructions about which the trial attorney had no complaint.

N.M.Crim.App. 501(a)(2) provides that the brief shall contain a statement of the issues "which shall be limited to the issues designated in the docketing statement[.]" N.M. Crim.App. 501(a)(4) provides that argument in the brief shall be "with respect to each issue presented * * *." The brief-in-chief, filed by defendant's appellate attorney, violated these rules.

Supreme Court decisions interpreting the criminal appellate rules have not condoned rule violations. N.M.Crim.App. 102 authorizes, for rule violations, a refusal to consider the offending party's contentions. *Olguin v. State*, 90 N.M. 303, 563 P.2d 97 (1977). *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976) held that issues not included in the docketing statement will not be considered. Compare *Melon v. State*, 90 N.M. 787, 568 P.2d 1233 (1977); *State v. Jacobs*, 91 N.M. 445, 575 P.2d 954 (Ct.App.1978).

The trial court's refusal of requested instructions on defense of another and the right to stand one's ground will not be considered.

*Requested Defense Instructions*

■ The requested instruction on defense of habitation was properly refused because there is no evidence that defendant shot in defense of his habitation.

■ There is some evidence concerning self-defense but it was insufficient for submission of self-defense to the jury.

The evidence most favorable to a self-defense instruction was in the statement of defendant introduced by the State. Defendant heard the shots from the Baca-Fuentes altercation. He went outside and saw what was happening, fetched his gun from the house and fired two shots. He shot in the direction of Domingo Fuentes. He did not know whether he hit Domingo "because everybody was shooting like that and, you know, in all different ways * *." He did not know if he was aware of what was happening during the shooting—"I was kind of drunk." Domingo shot first and

barely missed the defendant, but "I don't know if I was shooting at him [Domingo] or not * * *." Asked if he was trying to shoot Domingo, defendant replied: "No, I wasn't trying to. I don't know how to shoot."

In defining a killing in self-defense, U.J.I. Crim. 41.41 requires that there be an appearance of immediate danger to the defendant; that the defendant, in fact, be put in fear by the apparent danger and that defendant killed because of that fear. See *State v. Parks*, 25 N.M. 395, 183 P. 433 (1919); *State v. Chesher*, 22 N.M. 319, 161 P. 1108 (1916); *State v. Vansickel*, 20 N.M. 190, 147 P. 457 (1915).

Defendant's statement is evidence of apparent danger; Domingo fired first. However, there is neither evidence nor inference that defendant was put in fear by the apparent danger or that defendant shot because of fear. The self-defense instruction was properly refused.

*Trial Court's Duty to Instruct*

Neither the prosecution nor the defense requested an instruction on voluntary manslaughter. Defense counsel informed the trial court that the defense did not desire an instruction on voluntary manslaughter. The trial court then questioned both defendant and his counsel concerning such an instruction, explaining there was sufficient evidence for a voluntary manslaughter instruction. Both defendant and counsel stated they did not desire such an instruction.

No voluntary manslaughter instruction was given. Defendant's appellate lawyer contends that the failure to instruct on voluntary manslaughter was jurisdictional error which may be raised for the first time on appeal. This contention disregards the meaning of "jurisdictional" error. Defendant was before the trial court which had authority over the offense charged and authority to proceed in the matter. Thus, there was no absence of "jurisdiction" in the traditional sense. See *State v. Urban*, 86 N.M. 351, 524 P.2d 523 (Ct.App.1974).

The "jurisdictional" claim involves the sufficiency of the instructions as to the crime charged. "[F]ailure to properly instruct on all of the essential elements of the crime charged is jurisdictional and may be raised for the first time on appeal." *State v. Gunzelman*, 85 N.M. 295, 512 P.2d 55 (1973). The crime charged, in the jury instructions, was murder in the second degree, something different from voluntary manslaughter. Compare §§ 30–2–1 and 30–2–3, N.M.S.A.1978; *Smith v. State*, 89 N.M. 770, 558 P.2d 39 (1976).

This issue does not involve "jurisdictional" error; it does however raise an issue as to the trial court's duty to instruct in a criminal case when not requested to do so. There are two answers to the claim that the trial court erred in failing to instruct on voluntary manslaughter. The first answer is that, assuming a duty to instruct, defendant waived any error. The second answer is that under current requirements, the trial court had no duty to instruct on voluntary manslaughter unless requested to do so.

1. Waiver

■ *State v. Smith*, 26 N.M. 482, 194 P. 869 (1921) states "that the court must instruct in every degree of the crime charged when there is evidence in the case tending to sustain such degree." See *State v. King*, 90 N.M. 377, 563 P.2d 1170 (Ct.App.1977). In the subsequent discussion on duty to instruct, we point out that this requirement depends on rules applicable to the particular case. At this point we assume a duty to instruct.

*State v. Trujillo*, 27 N.M. 594, 203 P. 846 (1921) states:

There should be no practical difficulty in the administration of the rule that instructions should be limited to the degree of the crime shown by the evidence. It is within the province of the court to submit to the counsel for the state and for the defendant in every case the question as to what degree should be submitted to the jury. When thus called upon by the court it is their duty to speak, and a refusal by counsel for defendant to take a position upon the mat-

ter will amount to a waiver of the error of the court in that regard, if error shall occur. It will be available error only in case the court fails to agree with counsel as to the proper scope of the instructions.

Here, defendant did not refuse to take a position, which would have been a waiver. Defendant took the position that no voluntary manslaughter instruction should be given, which was a waiver. *State v. Diaz*, 36 N.M. 284, 13 P.2d 883 (1932) indicates that waiver could not exist when there was a duty to instruct on certain degrees of homicide. This holding was repudiated in *State v. Garcia*, 46 N.M. 302, 128 P.2d 459 (1942). Assuming the trial court had a duty to instruct on voluntary manslaughter, defendant waived any error based on the failure to instruct by taking the position that no such instruction should be given. This holding, of waiver, is independent of the requirements of Rule of Crim.Proc. 41.

2. Duty to Instruct

The duty to instruct rule, on which defendant relies, is stated in *State v. Diaz*, supra:

Ordinarily, instructions given are the law of the case, and cannot be complained of unless the accused objected to those given, or requested others. This applies to a failure to submit involuntary manslaughter. But, the erroneous failure to submit second degree murder or voluntary manslaughter will require a new trial, even though the accused has not objected in any way to the omission. While this result may not be entirely logical, it is not entirely without reasonable support * *.

The holding in *State v. Diaz*, supra, was reached after considering the relationship of two items: (1) a "statute" which made it the duty of the trial court, in all cases, to instruct the jury as to the law of the case; and (2) the rule that errors not brought to the attention of the trial court may not be relied on in the appellate court. *Diaz* resolved the relationship by a special rule for murder and voluntary manslaughter only. The general rule that the matter must be brought to the attention of the trial court continued to apply except for murder in the first or second degree and voluntary manslaughter. Where those three charges were involved, the trial court had a duty to instruct, whether or not requested.

*State v. Simpson*, 39 N.M. 271, 46 P.2d 49 (1935) characterized the result in *State v. Diaz*, supra, as an unsatisfactory conclusion reached upon conflicting "lines of decision" and upon "peculiar statutes;" that the "statute" in *State v. Diaz*, supra, had been revised. The revision was a rule requiring, for the preservation of error, either an objection to the instructions given or the tender of a correct instruction in the case of a failure to instruct. See *State v. Hall*, 40 N.M. 128, 55 P.2d 740 (1935).

▉ Although the decision in *State v. Diaz*, supra, seems to have been premised on fundamental error, *State v. Garcia*, supra, rejected the "fundamental error" approach and held that the rule adopted subsequent to the *Diaz* decision was controlling; "the right that an accused has to have a jury instructed on the law of the case is controlled by * * * [the rule]."

The decision in *State v. Garcia*, supra, that the right of an accused to instructions is controlled by rule, is still the applicable law. The rule which required either an objection to an instruction given, or the tender of a correct instruction when there was a failure to instruct, continued in effect until the adoption of the rules of criminal procedure. See § 21–1–1(51)(2)(h), N.M.S. A.1953 (Supp.1969) and Per curiam Order of the Supreme Court dated May 3, 1972, which repealed prior procedural rules and adopted the rules of criminal procedure.

As adopted in 1972, Rule of Crim.Proc. 41 provided:

(a) The court must instruct the jury upon all questions of law necessary for guidance in returning a verdict.

\* \* \* \* \* \*

(g) Except as provided in paragraph (a) of this rule, for the preservation of error in the charge, objection to any instruction given must be sufficient to alert

the mind of the court to the claimed vice therein, or, in case of failure to instruct on any issue, a correct written instruction must be tendered before the jury is instructed.

Rule of Crim.Proc. 41(a), as originally adopted, modified the rule discussed in *State v. Garcia,* supra, and required the trial court to instruct "upon all questions of law necessary for guidance in returning a verdict" without regard to whether counsel objected or tendered an instruction. "[Q]uestions of law necessary for guidance" included instruction on the essential elements of the crime charged, *State v. Puga,* 85 N.M. 204, 510 P.2d 1075 (Ct.App.1973), but did not include definition instructions. *State v. Urban,* supra.

The full meaning of Rule of Crim.Proc. 41(a), as originally adopted, had not been litigated before it was amended in 1975. The amended rule applies in this case. The Committee Commentary to Rule of Crim. Proc. 41(a), as originally adopted, states that the rule "is limited to those instructions which are essential to the return of a verdict." This limited view was clarified by the 1975 amendment.

Rule of Crim.Proc. 41(a), after amendment in 1975, provided:

The court must instruct the jury upon all questions of law essential for a conviction of the crime or crimes submitted to the jury.

The provisions of original Rule of Crim. Proc. 41(g) were carried forward into the amended rule as Rule of Crim.Proc. 41(d).

The Committee Commentary to the amended Rule 41(a) states:

Rule 41(a), codifying prior court decisions, requires the district court to instruct the jury *on the law essential for a conviction of the crimes submitted to the jury* even if no requested instructions are presented by the parties. (Our emphasis.)

*State v. Gunzelman,* supra, is cited in support of the commentary. *Gunzelman* holds that the trial court must instruct on all of the essential elements of the *crime charged.* The *Gunzelman* holding was applied in *State v. Bender,* 91 N.M. 670, 579 P.2d 796 (1978). *Bender* states that amended Rule of Crim.Proc. 41(a) "requires the trial court to instruct the jury on the law essential for a conviction of the crime submitted to the jury even if no requested instruction is tendered."

In summary:

1. The special rule adopted in *State v. Diaz,* supra, for instructions in murder and voluntary manslaughter cases, was repudiated in *State v. Garcia,* supra, and has never been revived. In connection with mandatory instructions in criminal cases, there is no distinction based on the type of criminal offense.

2. The fundamental error approach adopted in *State v. Diaz,* supra, was rejected in *State v. Garcia,* supra. The *Garcia* rule is the applicable law—whether error occurred in connection with the instructions depends on the applicable rule.

3. The applicable rule is Rule of Crim.Proc. 41(a), as amended in 1975. This rule imposes a duty upon the trial court to instruct upon the law essential for a conviction of the crime submitted to the jury, whether or not requested to do so. *State v. Bender,* supra. The rule, as worded, applies to "the crime or crimes submitted to the jury." As worded, the rule does not apply to lesser degrees of the crime submitted or to lesser included offenses. A party must, under Rule of Crim.Proc. 41(d), request an instruction on lesser degrees or lesser included offenses to claim error if the trial court fails to instruct on lesser crimes. To hold otherwise would be contrary not only to the wording of the rule, but contrary to decisional history concerning the trial court's mandatory duty to instruct.

4. In this case, the trial court submitted the crime of murder in the second degree to the jury. The trial court had a duty, even in absence of a request, to instruct on the

law essential for a conviction of murder in the second degree. There is no claim that the trial court failed to properly instruct on the crime submitted.

5. The trial court had no duty to instruct on voluntary manslaughter unless requested. Defendant did not request a voluntary manslaughter instruction. Fundamental error is not involved; the evidence sustains the verdict of guilt for second degree murder and it does not shock our conscience to let the conviction stand. *State v. Urban*, supra.

The judgment and sentence are affirmed. IT IS SO ORDERED.

HENDLEY and ANDREWS, JJ., concur.